EUGENE DOUGHERTY

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 9, 1888.*

1. CRIMINAL LAW—*delay in bringing accused to trial—of his right to a discharge.* Under section 18, of division 13, of the Criminal Code, otherwise known as section 438 of the Revised Statutes of 1874, the prisoner is ·only entitled to be discharged and set at liberty in case the delay to try him does not happen on his own application.

2. SAME—*presumption as to who caused delay in trial, in absence of bill of exceptions.* A defendant asking a discharge on the ground that four terms of court have elapsed without a trial being had, should show, by bill of exceptions, that the failure to try his case was not due to his own application. In the absence of anything to show to the contrary, it will be presumed that what the trial court did, in denying a motion for a discharge, was rightly done.

3. In this case, the defendant was indicted at the September term, 1882, ·of the Criminal Court of Cook county, the terms of which are monthly, and at the same term was arrested and pleaded not guilty. The record showed that at the November term the case was continued by agreement, and that

at the December term it was continued on the application of the defendant, and that at the May term, 1883, it was, on the motion of the State's attorney, stricken from the docket, with leave to reinstate, and was reinstated on December 13, 1886, when the defendant entered a motion to vacate the order of reinstatement, which was overruled. On December 23, 1886, defendant made a motion to be discharged, which motion was continued to the next term, and then overruled, and the defendant was tried and convicted at the January term, 1887. There was no bill of exceptions preserved in the record showing that the failure to try the case at the January, February, March or April term, was not due to the defendant's own motion: *Held*, that this court could not say whether there was error in refusing to discharge the defendant.

Writ of Error to the Criminal Court of Cook county; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Nolan & Munhall, for the plaintiff in error.

Mr. George Hunt, Attorney General, for the People.

Mr. Justice Magruder delivered the opinion of the Court:

The terms of the Criminal Court of Cook county are held on the first Monday of every month. Plaintiff in error was indicted for burglary at the September term, 1882, of that court. He was arrested and entered a plea of not guilty at that term. The record shows that at the November term, 1882, the case was continued by agreement; that, at the December term, 1882, it was continued on the application of the defendant; that at the May term, 1883, it was, on motion of the State's attorney, stricken from the docket with leave to reinstate; that it was reinstated on December 13, 1886, on motion of the State's attorney; that, on December 22, 1886, defendant made a motion to vacate the order of reinstatement, which motion was overruled; that, on December 23, 1886, defendant made a motion to be discharged and set at liberty, which motion was continued to the next term and then overruled; that, at the January term, 1887, defendant was tried, convicted and sentenced to three years in the penitentiary.

It is claimed on behalf of plaintiff in error that the trial court erred in overruling his motion to be discharged and set at liberty, on the ground that, after the continuance on defendant's motion from the December term, 1882, to the January term, 1883, four full terms, to-wit: the January, February, March and April terms, 1883, passed without a trial, and that, under section 18 of division 13 of the Criminal Code, otherwise known as section 438 of the Revised Statutes of 1874, the defendant was entitled to be set at liberty upon his motion if made at any time during the April term, 1883, or at any time during the May term, 1883, up to the time the cause was stricken from the docket, which motion, by reason of the case having been so stricken from the docket, he was unable to make until the reinstatement took place in December, 1886.

Under the section referred to, the prisoner is only entitled to be set at liberty in case the delay does not happen on his own application. If the delay during the four terms mentioned happened on the application of the defendant himself, he can not complain that he did not have a trial at as early a date, as the statute requires.

In the present case, there is no bill of exceptions in the record, and, therefore, we are unable to say that the failure to try the cause was not due to the defendant's own application. In the absence of anything to show to the contrary, it will be presumed that what the trial court did was rightly done. The plaintiff in error can not claim the benefit of the section relied on, because the record does not show that his case comes within the provisions of that section.

The judgment of the Criminal Court of Cook county is affirmed.

*Judgment affirmed.*