(No. 13725.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE MANIATIS, Plaintiff in Error.

*Opinion filed February 15, 1921—Rehearing denied April 8, 1921.*

1. CRIMINAL LAW—*when defendant's demand for trial does not set in motion the statute relating to discharge for delay in trial.* A defendant who is charged with a capital offense, and who has also been admitted to bail, cannot, by making demand for trial, set in motion the running of the limitation of section 18 of division 13 of the Criminal Code, providing for a discharge of the defendant if he is not tried within a certain time.

2. SAME—*a defendant cannot be discharged for delay of trial caused by his own act.* The provision of section 18 of division 13 of the Criminal Code for a discharge of a defendant if he is not tried within a certain time does not apply where the delay is occasioned by the defendant himself.

3. SAME—*delay due to defendant being in the army does not entitle him to discharge.* The right to a speedy trial guaranteed to a defendant by the constitution is only against arbitrary and oppressive delays; and a defendant is not entitled to a discharge under such constitutional provision for delay in trial caused by his being drafted into the United States army and sent to a foreign country, if he is tried within a short time after his return.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

PATRICK H. O'DONNELL, (EDWARD MAHER, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, of counsel,) for the People.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On May 17, 1918, the plaintiff in error, George Maniatis, was indicted in the criminal court of Cook county for the murder of Joseph Jezek. On May 20, 1918, he was admitted to bail in the sum of $25,000. On July 8, 1919, he pleaded not guilty and a trial was entered upon, which ended with a disagreement of the jury on July 15, 1919. On May 12, 1920, the plea of not guilty was withdrawn by the defendant and he pleaded guilty of manslaughter, and the plea was accepted and entered. The court heard evidence as required by law, after which, on May 24, 1920, defendant entered his motion in arrest of judgment and for his discharge because he had not been tried within the time limited by section 18 of division 13 of the Criminal Code. The motion was denied and plaintiff in error was sentenced to the penitentiary on his plea of guilty. The denial of the motion is the only error assigned on the record.

On the hearing of the motion the following facts appeared from the records of the court and affidavits made in support of the motion: The records showed the indictment on May 17, 1918, the admission to bail on May 20, 1918, and a motion of the defendant on June 6, 1918, for a continuance, which was allowed and the cause continued to July 1, 1918, and on the latter date it was again continued, on motion of the defendant, to August 3, 1918. On August 3, 1918, the defendant entered his demand for a trial, which was not allowed and the cause was stricken from the trial call of that term. The affidavits showed that on August 29, 1918, the defendant was drafted under the Selective Service act for service in the United States army; that he

was sent to Spartanburg, South Carolina, and sailed for
France on September 23, 1918, and that he was in the
military service of the United States until May 10, 1919,
when he was discharged. The record further showed that
while the defendant was in the military service the cause
was continued on September 10, 1918, by agreement, to
September 23, 1918, and on January 13, 1919, the cause
was again continued, by agreement, to February 8, 1919.
On June 23, 1919, the defendant entered his motion for a
discharge under section 18 and the motion was denied, and,
as before stated, the defendant entered a plea of not guilty
on July 8, 1919, and the trial was begun, in which the
jury disagreed.

Section 18, on which the application for discharge was
based, includes two classes of cases: (1) Where a person
has been committed for a criminal or supposed criminal
offense and not admitted to bail; and (2) where any such
person shall have been admitted to bail for an alleged of-
fense other than a capital offense. The defendant was not
within the first class, which includes all criminal offenses,
because he had been admitted to bail. In the second class
the defendant may set the statute in motion by demand for
a trial, and the period fixed by the statute runs from the
time of such demand. (*People* v. *Fox,* 269 Ill. 300.) The
defendant made such a demand on August 3, 1918, and
he had been admitted to bail, but the indictment was for a
capital offense punishable with death, and he was not within
the terms of sections 18 nor entitled to a discharge by virtue
of that section. In *Marzen* v. *People,* 190 Ill. 81, *People*
v. *Murphy,* 212 id. 584, *People* v. *Heider,* 225 id. 347, and
*People* v. *Jonas,* 234 id. 56, the indictments were for mur-
der and the defendants had not been admitted to bail.

The statute was enacted to give practical effect to sec-
tion 9 of the bill of rights, securing to the accused in a
criminal prosecution a speedy public trial, which does not
fix specific limitations. Although the defendant did not

bring himself within the provisions of the statute the constitutional guaranty remains, and if there might be a case in which one accused of crime would be entitled to his discharge, the facts of this case would not justify such a conclusion. The right to a speedy trial guaranteed to the defendant by the constitution is only against arbitrary and oppressive delays. (*Weyrich* v. *People*, 89 Ill. 90.) Within less than a month after the demand for a trial the defendant was drafted into the military service and was absent in the United States army until May 20, 1919. During that period he could not fulfill the condition of his recognizance, and by act of Congress no judgment on the recognizance could be entered against him. As in the case of *Meadowcroft* v. *People*, 163 Ill. 56, he was out on bail and never appeared in court until June 23, 1919, and his trial began soon after, on July 8, 1919. Under the statute it has been repeatedly held that where a failure to try the defendant within the time prescribed is occasioned by the defendant himself the statute does not apply. (*Dougherty* v. *People*, 124 Ill. 557; *People* v. *Matson*, 129 id. 591; *Healy* v. *People*, 177 id. 306; *People* v. *Hotz*, 261 id. 239.) It is said that the delay was not due to the defendant because the People could have secured his return for trial by application to the military authorities. Whether the People could be expected to go to France and bring the defendant here for trial or not, such an attempt would be unavailing. Section 1342 of the Revised Statutes of the United States excepts from its provisions a time of war, and during the delay the United States was at war against the empire of Germany. There was no such delay chargeable to the People as would amount to a violation of section 9 of the bill of rights, and the court did not err in denying the motion for a discharge.

The judgment is affirmed.            *Judgment affirmed.*