[No. 18096.  Department Two.  July 27, 1923.]

THE STATE OF WASHINGTON, *on the Relation of Bert Orcutt et al., Plaintiff,* v. GEORGE B. SIMPSON, *Judge of the Superior Court for Clarke County, Respondent.*[1]

CRIMINAL LAW (186, 191)—RIGHT TO SPEEDY TRIAL—CONSTITUTIONAL AND STATUTORY PROVISIONS—WHAT CONSTITUTES.  A speedy trial under Const., Art. 1, § 22, must be determined on the circumstances of each case as a matter of judicial discretion; and it is not an abuse of discretion to refuse to set a case for trial within thirty days after the filing of a remittitur from the supreme court granting a new trial, where it appeared that some of the state's witnesses were absent and could not be present within such time.

Application filed in the supreme court June 21, 1923, for a writ of mandamus to compel the superior court for Clarke county, Simpson, J., to set a case for trial. Denied.

*Henry Clay Agnew* and *Ralph S. Pierce,* for relators.

*Jos. E. Hall,* for respondent.

PARKER, J.—This is an original proceeding in this court wherein the relators seek a writ of mandate to compel the respondent judge of the superior court for Clarke county to set for trial the charge of robbery pending against them in that court within thirty days following June 15, 1923; that being the day the remittitur from this court was filed in that court evidencing the reversal of its former judgment of conviction rendered against them and granting them a new trial.

On June 16, 1923, the relators, by their counsel, presented to respondent, judge of the superior court, their

[1]Reported in 216 Pac. 874.

motion to set the case down for trial during the month of June, 1923. The hearing of this motion was had soon thereafter, the prosecuting attorney being present and representing the state, when he made some showing of the absence of a number of the state's material witnesses and of his inability to have them present within such a short time, or for some time thereafter. The judge thereupon denied relators' motion as made. In his return to this court, in response to the alternative writ, the judge says:

"At the said hearing the court did not intimate as to what its ruling would be in regard to setting the case down for trial at some date later than the month of June, 1923, but did tell the attorney for the defendants that no jury had been called for the month of June and that the time was already passed when a jury for the month of July could be drawn, as provided by the statute; . . . . the court fully considered the premises, and while realizing that the defendants were entitled to a speedy trial, still felt that under the circumstances the state was entitled to a substantial period of time to prepare for a retrial of this case."

Counsel for relators invoke the provision of § 22, art. I, of our state constitution, providing that "in criminal prosecutions the accused shall have . . . . a speedy public trial . . . ." While it is the duty of the courts to give full force and effect to the spirit of this constitutional guaranty, it seems plain that what is a speedy trial must be determined in the light of the circumstances of each particular case as a matter of judicial discretion. Observations made by us in *State v. Miller,* 72 Wash. 154, 129 Pac. 1110, are in harmony with this view. It seems quite plain to us that we cannot say, in the light of this record, that the trial judge has abused his discretion in refusing to set this case for trial within the time moved for by counsel

for relators, nor do we think that we would be warranted at this time in issuing a writ of mandate limiting, beyond that time, the time within which the trial court should proceed to the trial of the case.

The writ is denied.

MAIN, C. J., FULLERTON, and TOLMAN, JJ., concur.