THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK GRANDSTAFF, Plaintiff in Error.

*Opinion filed December 23, 1926.*

CRIMINAL LAW—*when prisoner is entitled to discharge for delay of trial under section 18 of Criminal Code.* Under section 18 of the Criminal Code a prisoner whose case is not called for trial at some term of court commencing within four months of the date of his commitment is entitled to his discharge and cannot again be prosecuted for the same offense, and the statute allows a continuance of but one term for the purpose of procuring evidence; and where the prisoner has not been admitted to bail no demand for trial is necessary, but the running of the statute commences with the commitment on the charge.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HARRY B. MILLER, Judge, presiding.

SAMUEL C. HERREN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and VIRGIL L. BLANDING, (EDWARD E. WILSON, HENRY T. CHACE, JR., and CLARENCE E. NELSON, of counsel,) for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was indicted in the criminal court of Cook county for burglary with intent to commit larceny. The indictment alleged that on May 25, 1925, he burglariously and feloniously entered the dwelling house of Clarence M. Oberling with intent then and there to steal two pieces of underwear of the value of $5 each and one kodak of the value of $15, of the property of Elizabeth Oberling. The case was called for trial on November 25, 1925, and before trial plaintiff in error filed a motion under section 18

of the Criminal Code (Smith's Stat. 1925, p. 963,) to be discharged from custody by reason of the failure of the State to afford him a trial on said charge within four months of the time of his commitment thereon. He filed with the motion his affidavit stating that on or about the 23d or 24th of May, 1925, he was arrested by the police officers and detained until the 29th day of May, 1925, when he was committed, under an order of a judge of the municipal court of Chicago on said charge, to the county jail, where he was confined continuously to the time of the filing of the motion and affidavit. The affidavit further sets out that the delay in the hearing of the cause was not occasioned by his application for a continuance, and states upon information and belief that the delay was not necessary to enable the People to procure evidence. The motion was overruled, the cause was tried, and plaintiff in error was convicted and judgment was rendered on the verdict. He brings the cause here for review, assigning as error the refusal of the court to discharge him from custody; also certain rulings of the court in the admission of testimony, the giving of instructions to the jury, and error on the part of the State's attorney in argument to the jury.

The People in this case have filed no brief on the merits but have contented themselves with a motion to dismiss the writ of error or affirm the judgment because of want of a sufficient abstract, and point out certain omissions therefrom which they say are vital. On leave of court had, plaintiff in error filed an amendment to his abstract curing such deficiencies as are material to a consideration of the points raised, and the motion of the People will be denied.

The first point made by counsel for plaintiff in error is, that he was entitled to discharge from custody by reason of a failure on the part of the People to try the cause within four months after his commitment. Section 18 of the Criminal Code referred to, provides: "Any person committed for a criminal or supposed criminal offense, and not admit-

ted to bail, and not tried at some term of the court having jurisdiction of the offense commencing within four months of the date of commitment, or if there is no term commencing within that time, then at or before the first term commencing after said four months, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable ground to believe that such evidence may be procured at the next term, in which case the court may continue the case to the next term," etc.

The affidavit shows, as we have seen, that plaintiff in error was arrested on or about the 25th of May, 1925, and was on May 29 committed to the county jail to await the action of the grand jury. The indictment alleges that the crime was committed on May 25. This court will take judicial notice of the provision of the statute that the terms of the criminal court of Cook county shall commence on the first Monday of every month. Four months from the date of plaintiff in error's commitment by the municipal court was September 29. In order to comply with the statute relating to the discharge of prisoners it was necessary that he be tried at a term of court not later than that commencing on the first Monday of September, 1925. The statute permits the court to continue the cause for one term upon being satisfied that due diligence has been exercised to procure evidence on behalf of the People. No action, apparently, was taken until the case was called for trial, and it was therefore by operation of law continued from the September term to the October term and from the latter to the November term, during which a trial was had. Assuming that the court was justified under the act in continuing the cause to the October term, the statute does not authorize a continuance to a second term after the expiration of the four months. Plaintiff in error was therefore not tried

within the time required by section 18 of the statute. The section also provides that when admitted to bail the accused is entitled to a trial within four months of his demand therefor. When not admitted to bail no demand is necessary, but the running of the statute commences with commitment on the charge.

In *Brooks* v. *People,* 88 Ill. 327, the prisoner was committed on the 14th day of March, 1877, and was not tried until the 5th day of July, that being the July, 1877, term of the criminal court of Cook county. Motion to discharge the prisoner was at the time of the trial made and denied, and on review the judgment of conviction was reversed. The statute as then in force differed in no material particular from the present statute so far as the question here involved is concerned. The statute was there held to be mandatory, and that the prisoner, if not tried within the time prescribed, should be set at liberty; that judgment on that charge could not thereafter be pronounced against him, as he could not be required to be in court, and the punishment for the offense being imprisonment in the penitentiary, the court had no authority to enter judgment against him without his presence in court. This rule was re-affirmed in *People* v. *Heider,* 225 Ill. 347, where it was also said that the provision of the constitution guaranteeing a speedy trial can be given effect only by holding that a person once discharged is entitled to immunity from further prosecution for the offense. It was likewise so held in *Newlin* v. *People,* 221 Ill. 166. It was said in *People* v. *Maniatis,* 297 Ill. 72, that the statute herein referred to was enacted to give practical effect to section 9 of the bill of rights, securing to the accused in a criminal prosecution a speedy public trial.

The motion of plaintiff in error to be discharged should have been granted. It was error to overrule the same and to proceed to trial.

It also appears from the record that the trial court in this case, in direct violation of section 73 of the Practice

. act, gave oral instructions to the jury. This was a procedural error which would work reversal of the judgment, but as plaintiff in error cannot be further prosecuted on this charge, the judgment will be reversed without remanding and the plaintiff in error discharged.

*Judgment reversed.*