FULTON *v.* STATE.

Opinion delivered January 14, 1929.

*H. B. Means,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

SMITH, J. This cause was tried in the court below upon an agreed statement of facts, from which we copy the following recitals:

The grand jury of Hot Spring County, at an adjourned day of its January, 1927, term, returned indictments numbered 1646 to 1662, inclusive, in which appellants, Wallace Fulton and Murl Morehead, were charged with the crime of robbery; that on the 4th day of March, 1927, Fulton was placed on trial on indictment No. 1649, and was found guilty, and his punishment fixed at a term of nine years in the State Penitentiary; that on the 18th day of April Fulton was placed on trial on indictment No. 1656, found guilty, and his punishment fixed at six years in the penitentiary; that on the 22d day of March, 1927, Morehead was placed on trial on indictment No. 1662, found guilty, and his punishment fixed at six years in the penitentiary; that on the 27th day of April, 1927, Fulton and Morehead were sentenced by the court as above set forth, and on the same day commitments were issued, and the sheriff delivered the defendants to the penitentiary of the State of Arkansas, and they have been confined in the penitentiary ever since that day; that they have not been brought into open court and put upon trial, or given an opportunity to demand a trial.

Upon the record made by the agreed statement of facts, the appellants moved the court to quash the indictments against them upon which they had not been tried. That motion was overruled, and this appeal is from that judgment.

The motion to discharge is based upon § 3132, C. & M. Digest, which reads as follows:

"If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after the finding of such indictment, he shall be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on application of the prisoner."

The interpretation and proper application of this statute was thoroughly considered in the case of *Ware* v. *State*, 159 Ark. 540, 252 S. W. 934, where the previous decisions of this court which had construed this statute were reviewed, and cases from other jurisdictions construing similar statutes were cited. We will not again review these authorities. The entire subject was summed up in the Ware case by quoting from the early case of *Stewart* v. *State*, 13 Ark. 720, where Chief Justice WATKINS had said that, for a person to be entitled to his discharge under this statute, he must place himself in the attitude of "having demanded a trial, at least in an attitude of resisting postponement."

It is stipulated here that appellants "have not been brought into open court and put upon trial and given an opportunity to demand a trial," and we are therefore of the opinion that they are entitled to the benefit of this statute.

It is insisted that the word "prison," as used in the section quoted, has no application whatever to persons committed to the penitentiary, as appellants were, upon a conviction for some other offense against the State. We do not concur in this view, and the weight of authority is against it.

In the Ware case, *supra,* it was said: "In *State* v. *Keefe*, 98 Pac. 122, a statute was under review which reads as though it might have been copied from our statute, or the Missouri statute, from which our statute was probably borrowed. The court concluded a most learned and exhaustive opinion as follows: 'The court decides that the fact of defendant's imprisonment in the penitentiary, under the circumstances set forth in the agreed statement of facts, does not constitute a sufficient defense to the application of the defendant for his discharge; that §§ 5382 and 5384 apply to the defendant, and, upon the facts, the defendant has not had a speedy trial as provided in the Constitution.' See also *Hollandsworth* v. *Godby*, 117 S. E. 369."

The opinion in the Ware case also cited the case of *State* v. *Wurdenmann,* 295 Mo. 566, 246 S. W. 189, which is to the same effect.

The Keefe case, *supra,* appears as an annotated case in 17 Ann. Cas. 161, and the annotator says in the note that constitutional and statutory provisions providing that a person accused of crime shall be entitled to a speedy trial apply to one who is already a convict as well as to other persons, for the reason that the convict is not only amenable to the law, but is under its protection as well, and the fact that the defendant is a convict does not prevent him from availing himself of the statute. In 16 C. J., page 442, in chapter on "Criminal Law," it is said that: "It has been held that the right to a speedy trial does not apply to a convict, but the weight of authority is to the contrary."

See also *Arrowsmith* v. *State,* 131 Tenn. 480, 175 S. W. 545, L. R. A. 1915E, 363; *Ex parte Tranmer,* 25 Nev. 56, 126 Pac. 337, 41 L. R. A. (N. S.) 1095.

The Constitution guarantees every one accused of crime the right to a speedy trial, and the statute quoted is declaratory of the Constitution, and is an expression of the legislative judgment as to the time within which this right should be accorded an accused person.

Section 3134, C. & M. Digest, provides that § 3132 shall not be so construed as to discharge any person who may have been indicted for any criminal offense, on account of the failure of the judge to hold any term of the court, or for the want of time to try such person at any term of the court. It is also provided in § 3135, C. & M. Digest, that if, when application for the discharge is made, the court shall be satisfied that there is material evidence on the part of the State which cannot be had, that reasonable exertions have been made to procure such evidence, and that there is just ground to believe that such evidence may be had at the succeeding term, the cause may be continued to the next term.

There is nothing in the agreed statement of facts from which to find that either § 3134 or § 3135, C. & M.

Digest, applies here, and, as it is stipulated that appellants have not been brought into open court and put upon trial or given an opportunity to demand a trial, we hold that these men, who have had no opportunity to demand a trial, should not be regarded as having waived this valuable right. They are entitled to have the indictments discharged upon which they have not been tried. This order does not, of course, affect the judgments under which appellants are confined in the penitentiary.

The judgment of the court below is therefore reversed, and the cause will be remanded, with directions to discharge the indictments upon which appellants have not been tried.