WEST TWELFTH STREET ROAD IMPROVEMENT DISTRICT
No. 30. *v.* KINSTLEY.

4-3447

Opinion delivered April 23, 1934.

*John D. Shackleford,* for appellant.
*Carl E. Bailey* and *Murray O. Reed,* for appellee.

BUTLER, J. The basis for appellant's petition for mandamus is set out therein and abstracted in an opinion of this court, *West Twelfth Street, etc., Dist.* v. *Kinstley,* 188 Ark. 77, 63 S. W. (2d) 980. Reference is made to that opinion for a statement of the facts, and such other facts as are necessary for an understanding of the issues involved will be hereafter stated.

In that opinion we said: ''In support of the action of the circuit court sustaining the demurrer, the appellee

contends that the orders of the county court upon which the petition was based were void for the reason that such orders were made without any appropriation having been made by the county levying court. It is argued that the petition of appellant does not show that there was ever an appropriation made by the quorum court for the county court to enter into any kind of contract with the appellant district by which the county should assume the payment of 25 per cent. of the outstanding bonds of the district.''

In discussing that contention, it was held that the county court was dealing with a subject within its jurisdiction, and therefore it must be presumed, in an absence of a showing to the contrary, that all necessary steps were taken in the exercise of its jurisdiction; and, if an appropriation must have first been made by the levying court to confer jurisdiction upon the court to make the order giving aid to the Improvement District, that this was done where there was nothing in the record or proof adduced showing to the contrary. We also called attention to the allegation of the petition that the question involving the validity of the orders of the county court had been settled by a final judgment of the circuit court of Pulaski County.

One of the contentions in support of the action of the lower court on demurrer was that from an exhibit to the petition, which was a decree of the Pulaski County Chancery Court rendered October 30, 1931, there was then due by District No. 30 to Pulaski County the sum of $17,750 less $3,232.76, and adjudged a recovery by the county for that amount. This court held that the decree of the chancery court was conclusive only of the fact that the indebtedness named existed at that time, but not, as contended, that it remained unpaid.

We held that all the questions above mentioned were such as must be determined by the proof, and reversed the judgment sustaining the demurrer and remanded the case for further proceedings. On remand evidence was adduced by petitioners and respondent, upon considera-

tion of which the court rendered judgment, which, omitting formal parts, is as follows:

"(1)   That the petition of the plaintiff, West 12th Street Road Improvement District No. 30, be, and the same is, hereby dismissed, to which action the plaintiff, West 12th Street Road Improvement District No. 30, saves its exceptions and causes same to be noted of record.

"(2)   That the plaintiff, Annex No. 1 to West 12th Street Road Improvement District No. 30, Pulaski County, Arkansas, do have and recover of and from the defendant, Roy E. Kinstley, as treasurer of Pulaski County, Arkansas, a judgment in the sum of $1,475; that the defendant, Roy E. Kinstley, is hereby commanded and directed to pay said judgment, together with such portion of the costs as may hereinafter be adjudged to be due by the defendant as treasurer of Pulaski County, out of funds now in his hands to the credit of the Pulaski County Road District, to which judgment of the court for plaintiff, Annex No. 1 to West 12th Street Road Improvement District No. 30, the defendant saves his exceptions and causes same to be noted of record."

The parties have properly prosecuted their appeals to this court.

At the hearing, the petitioners introduced in evidence the original orders of the county court made by Judge Sibeck on May 18, 1931, granting aid to Improvement District Annex No. 1 of District No. 30, and on June 15, 1931, in aid of District No. 30; the orders of the county court made by Judge Lawhon, October 4, 1932, revoking and setting aside as invalid the aforesaid orders. Petitioners further introduced two judgments of the Pulaski Circuit Court, rendered May 26, 1933, on appeal from the order of the county court, revoking the orders made in May and June, 1931. The judgment relating to District No. 30, omitting the style, is as follows:

"On this day this cause comes on to be heard, and, the same having been reached upon call of the calendar, and the appellant, West 12th Street Road Improvement District No. 30, appearing by its attorney, John D.

Shackleford, and the appellee, R. A. Cook, County Judge of Pulaski County, Arkansas, successor to Ross L. Lawhon, appearing by his attorney, Carl E. Bailey, Prosecuting Attorney, and interveners, Austin-Western Road Machinery Company *et al.*, appearing by their attorneys, Barber & Henry, and all parties announcing ready for trial, the cause is submitted to the court *de novo* upon the pleadings, records, agreed state of facts, and oral testimony of John D. Shackleford, and county court records as exhibits to his testimony;

"And the court, being well and sufficiently advised as to all matters of fact and of law, and the premises being fully seen, doth find:

"(1)   That on June 15, 1931, the county court of Pulaski County made an order pledging Pulaski County to the payment out of the county's road revenues of 25 per cent. of the principal and interest maturities on each of two bond issues of West 12th Street Road Improvement District No. 30, Pulaski County, Arkansas, one for $93,000 and the other for $66,000, which said order was in due course properly recorded by the clerk of the county court and a certified copy transmitted to the county treasurer of Pulaski County as provided for in said order;

"(2)   That on October 4, 1932, the county court of Pulaski County made an order providing for the annulment of the order made by said county court on June 15, 1931;

"(3)   That said order made by the Pulaski County Court on October 4, 1932, is *coram non judice* and therefore null and void and without force or effect.

"It is therefore considered, ordered and adjudged by the court that the intervention of the interveners be, and the same hereby is, dismissed, and the aforesaid order made by said county court on October 4, 1932, attempting to vacate and annul the aforesaid order of the county court made on June 15, 1931, be, and the same hereby is, annulled, set aside, and for naught held; and the clerk of this court hereby is ordered and directed to transmit a certified copy of this judgment to the clerk

of the county court of Pulaski County to be by said clerk entered upon the records of the county court of Pulaski County as and for judgment of said county court.

The judgment relating to Annex No. 1 is identical with that relating to District No. 30, except the first paragraph, which is as follows:

"(1) That on the 18th day of May, 1931, the county court of Pulaski County made an order pledging Pulaski County to the payment out of Pulaski County's road revenues of 25 per cent. of the principal and interest maturities on bonds issued by said Annex No. 1 to West 12th Street Road Improvement District No. 30, which said order was in due course properly recorded by the clerk of the county court, and a certified copy thereof transmitted to the county treasurer of Pulaski County as provided in said order."

On the part of the respondent there was offered in evidence the decree of the chancery court heretofore referred to and proof was made that the indebtedness therein adjudged to be due by District No. 30 to Pulaski County remained unpaid. It was further proved by respondents, and admitted by the petitioners, that there had been no appropriation by the levying court for the aid of the improvement district prior, or subsequent, to the orders of the county court of May 18, and June 15, 1931, granting aid to the same.

The defenses by respondents to the petition for mandamus set up in their answer and relied upon here are, (1) as to both districts, that no appropriation having been made prior, or subsequent, to the order of the county court which are relied upon by petitioners as the basis for the relief prayed, said orders were and are void and subject to attack in a collateral proceeding; and (2) as a further defense to the claim of District No. 30 that it is indebted to Pulaski County in a sum in excess of any funds in hands of the respondent due in any event to said District, and therefore, for that reason, it is not entitled to the relief prayed.

Referring to the first point raised by respondent as a defense to the petition for mandamus, the petition-

ers contend that the judgment of the county court, being of a court of superior jurisdiction having jurisdiction of the subject-matter, is entitled to the same credit as judgments of a superior court of general jurisdiction, and its judgments are conclusive on collateral attack where no want of jurisdiction is apparent of record. The respondent contends that the appropriation was the ground on which the jurisdiction rests, and, that being wanting, the judgment was a nullity, and that this might be shown as a defense to any action based on the void judgment.

We pass the questions presented in the first proposition above stated for the reason that these are not now properly before us. These matters have been concluded by the judgments of the Pulaski Circuit Court made on May 26, 1933, set out heretofore at length. No appeal was taken from those judgments, and they have now become final.

Appellee (respondent) makes the argument that these judgments do not make the question *res judicata*, because, in making the orders of October 4, 1932, revoking those formerly made, "no notice was given the petitioners * * * and the county court in 1932 simply had no jurisdiction," and that "the validity of the orders made by Judge Sibeck in 1931 could not be determined by Judge Lawhon. Respondent asserts that the merits of the case or the validity of the orders made in 1931 were not before the county court in 1932, and that the court was not a court of competent jurisdiction in passing upon those orders." The recitals of the judgments of the circuit court do not support the assertions made or the argument quoted *supra*. On the contrary, they show affirmatively that the court had all the parties interested before it and tried the questions *"de novo"* and determined the same on the "pleadings, records, agreed statement of facts, oral testimony of John D. Shackleford, and county court records as exhibits to his testimony." The validity of the Sibeck orders made in 1931 was properly a question within the issue, whether formally litigated or not.

The settled rule of this jurisdiction supported by the weight of authority is that a judgment of a court of competent jurisdiction is conclusive of all questions, legal or equitable, which were raised in the cause or which, being within the scope of the issue, could have been interposed. *Church* v. *Gallic,* 76 Ark. 423, 88 S. W. 979; *Fourche River Lbr. Co.* v. *Walker,* 96 Ark. 540, 132 S. W. 451; *Howard, etc. District* v. *Hunt,* 166 Ark. 62, 265 S. W. 517; *Newton* v. *Altheimer,* 170 Ark. 366, 280 S. W. 641; *Akins* v. *Heiden,* 177 Ark. 392, 7 S. W. (2d) 15.

The fact that the validity of the Sibeck orders (May and June, 1931) may not have been formally litigated in the cause resulting in the judgments of the circuit court does not prevent those judgments from being *res judicatae.* That proceeding was a direct attack upon the Sibeck orders in which each party was bound to make the most of his case or defense, "bringing forward all his facts, grounds, reasons or evidence in support of it on pain of being barred from showing such omitted matters in a subsequent suit." *Ederheimer* v. *Carson D. G. Co.,* 105 Ark. 488, 152 S. W. 142, and *Newton* v. *Altheimer, supra.*

As an additional defense to the petition for mandamus of District No. 30, respondent alleged and proved that the district was indebted to Pulaski County in a sum much greater than that demanded of the county in the present proceeding. The appellant district argues that this fact was no concern of respondent and could only be asserted by the county, and, since it did not intervene, that question cannot be raised. We do not agree to this. The treasurer is the custodian of the county's money and as such was clothed with the duty to see that the same was not improperly expended, and he therefore, with propriety, could raise the question as to whether or not he should be required to pay to the district the sum demanded when the district was in fact indebted to the county in a greater sum. To raise this question, the formal intervention of the county through its county judge was unnecessary, since for that pur-

pose the treasurer is to be deemed agent of the county and acting in that capacity.

From the views expressed it follows that the judgment of the trial court should be and is affirmed, both on appeal and cross-appeal.

HUMPHREYS, MEHAFFY and McHANEY, JJ., concur.