BLACK *v.* STATE.

4622                                              227 S. W. 2d 629

Opinion delivered March 9, 1950.

*Joe W. McCoy* and *W. H. Glover*, for appellant.

PER CURIAM. Two matters have been presented on behalf of Thomas Edwin Black, whose death sentence, unless stayed, will be carried out Friday. One is an appeal from the action of the Jefferson Circuit Court in refusing, by mandamus, to require Superintendent Lee Henslee of the Arkansas Penitenitary to empanel a jury to inquire into the sanity of the petitioner.[1] The second pleading is a petition to this Court for permission to ask the Pulaski Circuit Court for a writ of error *coram nobis*. With each transaction there is a prayer that the execution be stayed.

In appealing from the Jefferson Circuit Court judgment a bill of exceptions was not tendered, nor was any part of the record presented other than a certified copy of the judgment. This was sufficient to confer jurisdiction. Diminution of the record was suggested, resulting in *certiorari*. The Clerk of the Jefferson Circuit Court has supplied the deficiencies, including an approved bill of exceptions. These have been examined by the Judges of this Court. We agree with Judge PARHAM that the only issue in Jefferson County was whether Superintendent Henslee abused his discretion when he found that there was no factual basis for the suggestion of insanity.

The effort to procure a new trial through use of the writ of error *coram nobis* assumes as a matter of fact that Black was insane at the time of conviction, insane at the time the crime was committed, and that he had been insane for many years. The method of proving these allegations would be through what is claimed to be newly discovered evidence,—evidence of conduct it is now claimed points conclusively to insanity periodically recurring, with temporary loss of memory and forgetfulness.

---

[1] Ark. Stats., § 43-2622. See *Howell* v. *Kincannon*, 181 Ark. 58, 24 S. W. 2d 953; *Howell* v. *Todhunter*, 181 Ark. 250, 25 S. W. 2d 21; *Shank* v. *Todhunter*, 189 Ark. 881, 75 S. W. 2d 382.

At the trial resulting in Black's conviction the Court had before it a report made by psychiatrists attached to State Hospital. It showed that the accused had been sent to the Hospital for mental observation. The findings were that Black was without psychosis. When tried, the defendant testified in his own behalf.

An examination of the record brought up for review fails to establish the mental deficiency urged in extenuation; nor would the so-called new evidence it is now contended would throw light on conduct and the accused's condition close, in point of time, to the murder, be sufficient to overcome the defendant's own explanation of how the killing occurred.

From a careful review of all of the record (which reached this Court Thursday morning—and which was considered by the Judges who read from the transcript aloud, in relay), we have concluded that the appeal is without substantial merit and that the judgment should be affirmed.

We are also agreed that the showing made in the proceedings preliminary to a request for retrial is not sufficient, under our decisions and the law, to justify affirmative action.

A competent jury, a skilled trial judge, and efficient defense counsel, were participants in the judicial proceedings resulting in Black's conviction. On appeal to this Court the opinion, written by Mr. Justice FRANK G. SMITH, reviewed in detail all of the allegations of error. The judgment was unanimously affirmed. Four energetic members of the bar, still giving to their client that full measure of service-devotion that fidelity to the profession and belief in the justness of their cause provoked, took the cause to the United States Supreme Court, where *certiorari* was denied.

We are agreed that the defendant has had every legal right to which the law entitles him, and that the record is without error.

The judgment of Jefferson Circuit Court is affirmed. We also dismiss the petition for leave to apply to Pulaski Circuit Court for writ of error *coram nobis*.

803

Mr. Justice DUNAWAY disqualified and did not participate in the consideration or determination of either of the causes.