LEGGETT *v.* STATE.

4901

311 S. W. 2d 521

Opinion delivered March 31, 1958.

*John W. Bailey,* for appellant.

*Bruce Bennett, Atty. General,* and *Thorp Thomas, Asst. Atty. General,* for appellee.

GEORGE ROSE SMITH, J. A judgment sentencing the appellant to death upon a conviction for murder was affirmed by this court on February 18, 1957. *Leggett* v. *State,* 227 Ark. 393, 299 S. W. 2d 59. On December 3, 1957, pursuant to the provisions of the Uniform Post-Conviction Procedure Act (Ark. Stats. 1947, Title 43, Ch. 31), Leggett filed in the circuit court a petition for a new trial, asserting that at the original trial he had been deprived of certain constitutional rights. This appeal is from an order denying the request for a retrial.

The present petition states that Leggett, in connection with his plea of insanity, was sent by the court to the State Hospital for a mental examination. The petition charges that, although the Hospital's report re-

978

flected the opinion of the examining medical staff, not all the members of the staff were called as witnesses at the trial. This omission, it is said, deprived Leggett of his constitutional right to be confronted with the witnesses against him. U. S. Constitution, Amendment 6; Ark. Constitution, Art. 2, § 10.

This contention is foreclosed by our affirmance of the original judgment. This same argument was made upon the first appeal and was found to be without merit. The issue was not specifically mentioned in the opinion, for it was necessary to examine dozens of objections in the record, and, as is our practice, we limited our discussion to what were considered to be the appellant's strongest points. The opinion explained, however, that we had examined the entire record and had considered all the issues raised.

The present petition involves no new contention; indeed, the only evidence offered below consisted of excerpts from the record on the first appeal. It is not the intention of this uniform act to permit the defendant to reargue matters already decided. As the court said, with reference to a similar act, in *People* v. *Davis,* 415 Ill. 234, 112 N. E. 2d 484: "The Post-Conviction Hearing Act was not intended to be used as a device to obtain another hearing upon a claim of denial of constitutional rights where there has already been a full and final review of the issues raised." The uniform act, in enumerating the grounds for relief, is explicit in its exclusion of alleged errors that have been previously and finally litigated or waived in the proceedings resulting in the conviction. Ark. Stats., § 43-3101. This provision must evidently be given effect, else there will be no end to litigation in criminal cases.

This being the first case to reach this court under the uniform act, it should be mentioned that neither party questions the constitutionality of the statute, and we express no opinion as to its validity.

It is also appropriate to add a word concerning the matter of stays in future cases. The uniform act does not require the circuit court to grant a stay of

execution upon the filing of a petition for post-conviction relief. This is pointed out by the draftsmen of the act in the Commissioners' Note to § 1: "This Act deals with post-conviction remedies. It is a procedural statute. It does not deal with nor affect requests, for exampɪe, in cases where the death penalty has been inflicted, for stays of execution." Hence this is a matter that addresses itself to the discretion of the trial court.

Nor, in our opinion, is the clerk of this court empowered to grant a stay of execution in post-conviction proceedings. His statutory authority with respect to such a stay is limited to appeals from original judgments of conviction. Ark. Stats., § 43-2710. It will accordingly be our practice to require that applications for stays of execution be presented to the court or to a judge thereof when the court is in recess.

Affirmed.