LEGGETT *v.* HENSLEE.

5-1799                                   321 S. W. 2d 764

Opinion delivered March 9, 1959.

[Rehearing denied April 6, 1959]

*Kenneth Coffelt,* for appellant.

*Bruce Bennett,* Atty. General; By *Thorp Thomas,* Asst. Atty. General, for appellee.

CARLETON HARRIS, Chief Justice.    Emmett Earl Leggett was convicted of first degree murder[1], and is presently in the death chamber of the penitentiary awaiting execution.    On August 16, 1958, through his counsel, appellant filed a petition with Lee Henslee, superintendent of the Arkansas State Penitentiary, alleging present insanity and requesting the superintendent to summons a jury of twelve persons to inquire into the insanity of Leggett in accordance with the provisions of Section 43-2622, Ark. Stats. (1947) Anno[2].    Henslee re-

---

[1] See 227 Ark. 393, 299 S. W. 2d 59, 228 Ark. 977, 311 S. W. 2d 521.

[2] Said section provides as follows: "When the sheriff is satisfied that there are reasonable grounds for believing that the defendant is insane or pregnant, he may summon a jury of twelve (12) persons on the jury list, drawn by the clerk, who shall be sworn by the sheriff, well and truly to inquire into the insanity or pregnancy of the defendant, and a true inquisition return; and they shall examine the defendant and hear any evidence that may be presented, and by a written in-

fused to impanel such a jury, and directed a letter to appellant's counsel in which he stated:

"As requested in the petition, and in compliance with the above law, I have made a thorough investigation into the matter of Emmett Earl Leggett's mental competency, for the purpose of determining whether or not there are reasonable grounds for my believing that he is insane. I have had an opportunity to give him close personal observation during the time he has been in my custody; I have discussed the matter of his sanity with the Institution physician who has had an opportunity to observe him closely during such time; and, at my request, Dr. Granville L. Jones, Superintendent of the State Hospital and Dr. Charles V. Taylor, have made a further mental examination of Emmett Earl Leggett, August 14, 1958, and they have furnished me the following report, dated August 14, 1958, as to their findings:

" 'In accordance with your telephone request, Dr. Charles V. Taylor and I examined Emmett Earl Leggett in the office of the Assistant Superintendent, Captain James Bruton, at the Tucker Prison on August 14, 1958. I am enclosing a copy of the mental status as transcribed by Dr. Taylor.

" 'As you will note, Dr. Taylor and I believe Emmett Earl Leggett to be sane and responsible at the time of the examination. This is consistent with our previous examinations of last fall and with the official report of the hospital in 1956.' "

A copy of the report of Doctors Jones and Taylor was attached, in which the doctors related the manner and results of the examination, and their conclusion that Leggett is not legally incompetent.

---

quisition, signed by each of them, find as to insanity or pregnancy. And, unless the inquisition find the defendant insane or pregnant, the sheriff shall not suspend the execution; but if the inquisition find the defendant insane or pregnant, he shall suspend the execution, and immediately transmit the inquisition to the governor." The authority conferred on the sheriff by this section is now transferred to the superintendent of the penitentiary under the holding in *Howell* v. *Kincannon*, 181 Ark. 58, 24 S. W. 2d 951.

Upon Henslee's refusal to summons the jury, petition for writ of *mandamus* was filed in the Jefferson Circuit Court, praying that such court issue a writ of *mandamus* directing appellee to sustain the petition, and the requests contained therein. Henslee answered, stating that the proceedings provided under Section 43-2622 are discretionary upon the part of the superintendent; that he did not have reasonable grounds to believe that Leggett was insane; that he had made a thorough investigation into the matter of appellant's present mental competency, and that an examination made of appellant, as hereinbefore set out, had shown Leggett to be mentally competent. On August 21st, the matter was presented to the Circuit Court, at which time appellant offered no proof, but stood on the petition. The court found: "That the Petitioner, Emmett Earl Leggett, did not present any evidence showing an abuse of discretion in not granting the sanity hearing, that the prayer of said petition should be denied," and entered its judgment denying the petition. From such judgment, comes this appeal.

While the petition asks that the superintendent impanel a jury to determine the present insanity of Leggett, appellant argues that, having filed his petition suggesting insanity, it was his absolute right to offer proof to Henslee in support of the merits of the petition; *i. e.*, that he had an absolute right to present evidence before the Superintendent to substantiate the allegations of insanity, and in furtherance of his request that a jury be impaneled. We do not agree. In *Shank* v. *Todhunter*, 189 Ark. 881, 75 S. W. 2d 382, the Jefferson Circuit Court refused to order the superintendent to proceed to hold an inquisition to inquire into the insanity of Shank. In affirming the judgment, this Court said:

"A casual reading of the statutes relied upon would indicate that, under ordinary conditions at least, the inquisition to determine insanity arising after the sentence of death seems to be upon the initiative of the Superintendent of the Penitentiary. Since the Superintendent is presumptively, at least, a man of somewhat keen ob-

servation, discriminatory powers, good judgment, his observation and judgment would be such that, upon the institution of inquisition by him, most careful consideration would be accorded to his views, but, on the other hand, his refusal to proceed under this statute necessarily demands a showing, by affirmative proof, of an abuse of discretion, or an unquestioned neglect of duty, before his conduct may be made the subject of judicial criticism.

"The superintendent of the penitentiary was requested to hold such inquisition. He refused. He would not initiate one. His refusal is in writing, and this matter comes to us upon an allegation that he has abused, or, at least, neglected to exercise, whatever discretion may be lodged in him by the statute, and that is the only question we have to determine."

Likewise, in *Howell* v. *Todhunter,* 181 Ark. 250, 25 S. W. 2d 21:

"This brings us to a consideration of the question, whether the facts alleged in the petition call for the exercise of jurisdiction by the circuit court. It will be observed that  *  *  *  when the custodian of the prisoner is satisfied that there are reasonable grounds for believing that the defendant is insane, he may summons a jury of twelve persons to inquire into the present insanity of the defendant. This does not mean that there shall be such an inquisition merely on the suggestion of the insanity of the defendant. If it were true that a suggestion of insanity, after the death sentence had been pronounced, created on the part of the convicted person an absolute right to an inquisition for insanity, it would be within the power of the convicted person, or his friends, to indefinitely delay the execution of the sentence of death by repeated suggestions of insanity, followed by inquisitions in each instance. Hence the statute has given the custodian of the prisoner a discretion in the matter, and he is only required to act when he thinks there are reasonable grounds for believing the prisoner to be insane."

See also *Black* v. *State,* 216 Ark. 805, 227 S. W. 2d 629. Accordingly, the sole question is whether Superintendent Henslee abused his discretion. There is no indication that the superintendent arbitrarily acted, or refused to comply with the petition because of personal whim or animosity toward the prisoner; to the contrary, Henslee's letter to counsel reflects that he had closely observed the prisoner during the time that he had been in his custody, and that he had caused two physicians from the State Hospital to examine Leggett, as heretofore set out. When appellant's petition was presented to the Jefferson Circuit Court, no evidence was offered which would reflect that Henslee had abused his discretion; in fact, no evidence was offered at all, and appellant stood on his petition. As authority for his position that the superintendent should have taken testimony, appellant cites the case of *Ware* v. *State,* 146 Ark. 321, 255 S. W. 626, wherein the Circuit Court was reversed because of refusal to hear evidence in support of an allegation contained in a motion, but this was a refusal *by a court* to take testimony. In the instant case, there was no refusal by the court to hear evidence; in fact, counsel was asked, "Is there anything further?"

No abuse of discretion having been shown, the judgment of the Circuit Court denying the petition, is affirmed.