LEGGETT v. STATE.

4959                           328 S. W. 2d 250

Opinion delivered October 19, 1959.

[Rehearing denied November 16, 1959]

*Kenneth Coffelt*, for appellant.

*Bruce Bennett*, Atty. General, by *Thorp Thomas*, Asst. Atty. General, for appellee.

J. SEABORN HOLT, Associate Justice. Appellant, Emmett Earl Leggett, was on January 25, 1956, charged by information with the crime of first degree murder, and on the same day he was also charged by separate informations with the crimes of raping two different girls. On June 4, 1956, he was tried on the first degree murder charge and the jury returned a verdict of guilty of first degree murder as charged. The trial court thereupon sentenced Leggett to death in the electric chair and this court affirmed the judgment February 18, 1957, *Leggett* v. *State*, 227 Ark. 393, 299 S. W. 2d 59. Thereafter, on December 3, 1957, Leggett, pursuant to the provisions of the Uniform Post-Conviction Procedure Act (Ark. Stats. 1947 Anno. Sec. 43-3101), filed in the circuit court a petition for a new trial, asserting that at the first trial he had been denied certain constitutional rights. The circuit court denied his petition and on appeal to this court, we affirmed the action of the trial court, *Leggett* v. *State*, 228 Ark. 977, 311 S. W. 2d 521. The next action taken by Leggett was the filing of a petition for a writ of mandamus in the Jefferson Circuit Court on August 19, 1958. The substance of this petition was appellant's allegation that

the Superintendent of the State Penitentiary had acted arbitrarily and had abused his discretion in refusing to call a jury to inquire of Leggett's sanity at that time. At the hearing on August 21, 1958, Leggett offered no testimony and the court denied his petition and on March 9, 1959, this court affirmed the action of the lower court, *Leggett* v. *State,* 230 Ark. 183, 321 S. W. 2d 764.

During every step in all of the above proceedings, Leggett was, and is now, represented by able counsel.

By proclamation by the Governor of Arkansas, Leggett was scheduled to die in the electric chair on July 24, 1959. On July 14, 1959, Leggett filed a motion in the Pulaski Circuit Court in which he prayed for the dismissal of the two rape charges against him on the ground that ''there has been more than two regular full terms of this court passed since he was charged in these cases, and committed to prison. Therefore, under the provisions of Section 43-1708 Ark. Stats. he cannot now be brought to trial, and the charges are a nullity and cannot be enforced, and he is entitled to now have said cases dismissed under the provisions of said statute. There has been no delay in a trial on these charges occasioned by the defendant, and the prisoner himself.'' The trial court denied and dismissed this motion and the present appeal followed.

For reversal appellant relies on the following point: ''The trial court erred in his refusal to sustain the motions, and to dismiss the charges, under the provisions of Sec. 43-1708, Ark. Stats., and under the admitted and uncontradicted facts and proof in the record.''

So specifically the question for our d e c i s i o n is whether Leggett is entitled to be discharged on the two rape charges under Sections 43-1708, Ark. Stats. 1947 (Sec. 3132, C. & M. Digest) which is as follows: Sec. 43-1708 — ''If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after the finding of such

indictment, he shall be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner.''

Appellant insists that on authority of *Fulton* v. *State,* 178 Ark. 841, 12 S. W. 2d 777, construing Ark. Stats. Sec. 43-1708, quoted above, he should be discharged on the informations charging him with rape. It is true that in the Fulton case this Court held the statute in question applies to a convict serving a term in the penitentiary, but there is a vast difference in the situation of the defendant as it existed in that case and the situation of the defendant in the case at bar. Fulton was charged with separate robberies in six different indictments. He was tried and convicted on three of the indictments. After the lapse of two terms of court he filed a motion asking for dismissal of the indictments on which he had not been tried. If the untried cases had not been dismissed, he could have been tried on such charges after having served the sentences on which he was committed. In the case at bar, if the judgment of the court is carried out, the rape indictments will be abated.

It will be noticed that the statute (Sec. 43-1708) provides that the defendant ''shall be discharged so far as relates to the offense for which he was committed . . .'' True, in the Fulton case the language of the statute was construed as applying to offenses for which the defendant had *not* been committed, but we do not believe the construction of the statute should be broadened to include defendants who have been sentenced to death. In the case at bar the defendant has been convicted and sentenced to death for murder; he has not been committed on the rape charges, and the statute is therefore inapplicable.

Finding no error, the judgment is affirmed.

JOHNSON, J., dissents.