LEGGETT *v.* KIRBY, JUDGE.

5-2100                                                     331 S. W. 2d 267

Opinion delivered January 25, 1960.

[Rehearing denied February 22, 1960]

*Kenneth C. Coffelt,* for petitioner.

*Bruce Bennett,* Atty. General, By: *Thorp Thomas,* Asst. Atty. General, for respondent.

GEORGE ROSE SMITH, J.   On January 25, 1956, three informations against the petitioner were filed, one charging murder in the first degree and the other two charging separate offenses of rape.   The murder case was tried in June, 1956.   The jury found the defendant guilty and imposed the death sentence. *Leggett* v. *State,* 227 Ark. 393, 299 S. W. 2d 59.   Since then the petitioner has been confined to the death cell in the state penitentiary, his execution having been stayed by a series of legal proceedings by which he has sought to escape the punishment fixed by the jury. *Leggett* v. *State,* 228 Ark. 977, 311 S. W. 2d 521; *Leggett* v. *Henslee,* 230 Ark. 183, 321 S. W. 2d 764; *Leggett* v. *State,* 231 Ark. 13, 328 S. W. 2d 252.

In the two rape cases there was no activity by either side until July 14, 1959. On that date Leggett moved for a dismissal of the charges on the ground that more than two terms of court had elapsed without the cases having been brought to trial. Ark. Stats. 1947, § 43-1708. We upheld the trial court's refusal to dismiss the informations, the statute being inapplicable to charges pending against a prisoner awaiting execution. *Leggett* v. *State,* 231 Ark. 7, 328 S. W. 2d 250.

Following our decision in the case just mentioned the petitioner filed in the circuit court a request that the rape cases be brought to trial. In this pleading Leggett asserts "that he is entitled to an immediate trial in these cases, and to have a jury pass upon his guilt or innocence and the question of whether or not he is insane." The circuit judge denied the request for trial, and Leggett then filed the present petition in this court for a writ of mandamus to compel the circuit court to bring the cases to trial. For our jurisdiction in the matter see *Rodgers* v. *Howard,* 215 Ark. 43, 219 S. W. 2d 240.

In demanding that the rape cases be heard the petitioner relies upon the federal and state constitutional guaranties of a speedy trial in criminal cases. U. S. Const., Amendment 6; Ark. Const., Art. 2, § 10. It may be doubted whether this provision in the federal bill of rights applies to proceedings in a state court, *Gaines* v. *Washington,* 277 U. S. 81, but since the two constitutions contain identical guaranties we find it unnecessary to distinguish between the two.

The petitioner is clearly in error in contending that the constitutional command is inflexibly mandatory, leaving the courts with no discretion in determining what satisfies the requirement of a speedy trial. It is settled by decisions too numerous to cite that such a provision in a bill of rights does not apply rigidly to every instance of delay in a criminal case. What the constitution prohibits, as we observed in *Stewart* v. *State,* 13 Ark. 720, is "vexatious, capricious, and oppressive delays, manufactured by the ministers of justice."

The point was well put in *Beavers* v. *Haubert,* 198 U. S. 77, where the court said: "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." The same thought was expressed in *State ex rel, Orcutt* v. *Simpson,* 125 Wash. 665, 216 P. 874: "While it is the duty of the courts to give full force and effect to the spirit of this constitutional guaranty, it seems plain that what is a speedy trial must be determined in the light of the circumstances of each particular case as a matter of judicial discretion." See also *People* v. *Romero,* 13 Calif. App. 2d 667, 57 P. 2d 557; *People* v. *Maniatis,* 297 Ill. 72, 130 N. E. 323.

. The mere fact that Leggett is confined to the penitentiary does not, of course, deprive him of the protection afforded by the constitution. *Fulton* v. *State,* 178 Ark. 841, 12 S. W. 2d 777. . Nevertheless we are firmly of the opinion that the bill of rights does not guarantee to a condemned prisoner the right to be tried upon pending charges while he is an occupant of the death cell, awaiting electrocution. It is not to be presumed, as the court observed in *Mitchell* v. *Lowden,* 288 Ill. 327, 123 N. E. 566, that the constitution was intended to produce a result "inconsistent with the judgment of men of common sense guided by reason." Yet that would demonstrably be the consequence of granting the writ sought in the case at bar.

The judgment finding Leggett guilty of murder and sentencing him to death is conclusive of all questions within the issues in that proceeding. *West Twelfth St. Rd. Imp. Dist. No. 30* v. *Kinstley,* 189 Ark. 126, 70 S. W. 2d 555. That judgment, therefore, conclusively settles every question pertaining to Leggett's guilt and conclusively determines that justice requires the imposition of the death penalty. The execution of the sentence has been delayed, but it goes almost without saying that we, as members of the judiciary, must act upon the assumption that the solemn judgment of the court will in due course be put into effect. The judicial department of

the government obviously cannot entertain any doubt whatever as to the ultimate effectiveness of its own judgments.

Our consideration of the present petition must thus rest upon the unconditional premise that Leggett is to be executed for the murder of Joe King. In these circumstances does the constitutional guaranty of a speedy trial entitle Leggett to demand that the rape cases be heard at once? We think it plain that this inquiry must be answered in the negative.

It is a familiar maxim, recognized by the common law for centuries, that the law never requires the performance of a vain and useless act. Broom's Legal Maxims (9th Ed.), p. 178. It is difficult to imagine a proceeding more futile than that of bringing to trial charges against a person already condemned to death. The purpose of a criminal trial is to determine the guilt or innocence of the accused and to impose punishment in the event of a conviction, but no useful purpose could be accomplished by a trial of the rape charges against Leggett. A finding of guilt or of innocence would be wholly without legal effect, a matter of academic interest only.

We are all aware that the proceedings against Leggett have been widely publicized. Judging by the record in the original case it might well be necessary to call hundreds of veniremen before an impartial jury could be impaneled. The proceedings could easily continue for days or even weeks, involving great expense to the county and serious inconvenience to many witnesses and prospective jurors. Yet the entire prosecution would really be a mock trial, a parody of justice, accomplishing nothing and indeed being continuously subject to termination by the electrocution of the defendant.

We can find no case holding that the guaranty of a speedy trial requires that the judicial system be exposed to ridicule as a result of a vain proceeding such as that now demanded by the petitioner. The case principally relied upon, *State* v. *Stalnaker,* 2 Brevard (S. C.) 44, does not decide the point now before us. There Stalnaker

was indicted upon two capital offenses. Although he demanded a trial upon both indictments the state elected to try only one case, in which Stalnaker was sentenced to be hanged. He was later pardoned, however, and it was then held in the case cited that under the Habeas Corpus Act he was entitled to be discharged from the second indictment. The Habeas Corpus Act was an English statute, adopted by many states as part of the common law, which required a prisoner to be tried within two terms of court. See Cooley's Constitutional Limitations (8th Ed.), p. 646. Thus the Act was a forerunner of, and similar to, our own statute on the subject. Ark. Stats., § 43-1708. We have already held that Leggett is not entitled to a dismissal of the rape charges by reason of this statute, *Leggett* v. *State,* 231 Ark. 7, 328 S. W. 2d 250, and consequently we have rejected the position adopted by the South Carolina court in the *Stalnaker* case.

It is our conclusion that the guaranty of a speedy trial cannot reasonably be construed to entitle the petitioner to a hearing upon the rape charges as long as he is under a sentence to death upon the conviction for murder.

Writ denied.

McFADDIN and JOHNSON, JJ., dissent.

ED. F. McFADDIN, Associate Justice, (dissenting). Two separate informations were filed on January 25, 1956 in the Pulaski Circuit Court, each charging the appellant Leggett with the crimes of rape (§ 41-3401 Ark. Stats.). He has been in custody ever since and has never been tried on the rape charges because he was tried and convicted on a first degree murder charge and is now awaiting execution on the murder charge. In *Leggett* v. *State,* 231 Ark. 7, 328 S. W. 2d 250 (decided on October 19, 1959), we held that Leggett was not entitled to the benefit of § 43-1708 Ark. Stats. as regards the rape charges.

Leggett filed, on July 14, 1959, his pleading in the Pulaski Circuit Court entitled, "Request for Trial", on the rape charges. When the Circuit Court refused to pro-

ceed with the trial of either of the rape cases, Leggett filed in this Court a petition for writ of mandamus to require the Circuit Court to proceed with the trial of the rape cases. It is clear that we have jurisdiction of such a petition, even though Leggett has mis-styled his pleading. In *Pellegreni v. Wolf*, 225 Ark. 459, 283 S. W. 2d 162, we issued a writ of *procedendo ad judicum* directing a Circuit Judge to proceed with the trial of a prisoner who was then incarcerated in another State. I maintain that if a prisoner incarcerated in another State is entitled to a trial on pending charges in Arkansas, then a man incarcerated in the death house in Arkansas is entitled to a trial on any pending charge in this State.

Article 2, Section 10 of the Arkansas Constitution says, ''In all criminal prosecutions the accused shall enjoy a speedy and public trial....'' I emphasize that the Constitution says ''in *all* criminal prosecutions''. The Constitution does not make any exception as regards a man in the death house awaiting execution; and when one Court starts whittling away the Constitutional rights of one man, then another Court may come along in later years and extend the whittling away process to destroy the Constitutional rights of some other person in some other situation. It is a dangerous precedent for a court to create judge-made exceptions to Constitutional protections; and that is what the majority is doing in this case. We are embarking the Court on a career of ''exceptions'' to Constitutional protections. I think that the man in the death house is entitled to just as much Constitutional protection as the man incarcerated in the Texas penitentiary in the Pellegreni case.

By refusing to issue the *writ of procedendo* in the case at bar, the majority is bringing about a situation wherein the execution of the murder sentence will be further delayed. Leggett has raised a federal question in his petition in this case. He will undoubtedly carry this case to the United States Supreme Court; and further delay will result. If this Court now granted the *writ of procedendo* the Trial Court could require the Prosecuting Attorney to either proceed with the trial or dismiss the pending infor-

mations. The Prosecuting Attorney could safely dismiss both of the rape informations, because limitation does not run against a capital case (§ 43-1601 Ark. Stats.) and rape is a capital case (§ 41-3403 Ark. Stats.). So, should anything happen to prevent Leggett's execution on the murder charge, the State could still refile the rape charges. Leggett could not plead former jeopardy against the refiling of the rape charges, because jeopardy does not attach until the trial jury is sworn in the case. See *Jones* v. *State,* 230 Ark. 18, 320 S. W. 2d 645.

It is self-evident that what Leggett's attorney is trying to do is to get him tried on the rape charges so the attorney can have another trial jury before which to argue evidence about Leggett's alleged insanity. Even if Leggett were tried on the rape charges and the jury should find that he was insane at the time of committing the rapes, such finding would have no bearing on the murder charge: because the rapes and the murder were different offenses, committed at different times, and the mental status of Leggett would be decided by different juries; and there does not have to be any consistency between verdicts of different juries. In *Brown* v. *Parker,* 217 Ark. 700, 233 S. W. 2d 64, we said:

"The answer to this argument must be that the law imposes no requirement of consistency upon jurors hearing separate cases which are consolidated for purposes of trial. If such separate cases were being tried separately, by different juries, there would be no assurance of consistency in the verdicts, and no greater assurance of consistency is insisted upon when one jury tries both cases together."

So I earnestly submit that in order to keep our jurisprudence straight, we should issue the *writ of procedendo* in this case and thereby hold that the Constitutional guaranty of a speedy trial applies to all persons - convicted felons awaiting death sentence, as well as any other felon. We should not embark on a career of engrafting exceptions onto Constitutional guaranties.

For these reasons I respectfully dissent.

JOHNSON, J., joins in this dissent.