◦ (No. 12358.—Decree affirmed.)

ELIZABETH A. ROBERTS, Appellee, vs. GEORGE E. GOODIN, Appellant.

*Opinion filed June 18, 1919.*

1. MORTGAGES—*when court is warranted in setting aside sale of property en masse.* A provision in a foreclosure decree that so much of the land shall be sold as is necessary to discharge the amount due is a clear direction to sell in parcels, and if the sale of the entire property is not necessary and it is susceptible of division the chancellor may set aside a sale of the property *en masse* and order a re-sale in separate tracts.

2. SAME—*wife is entitled to protection of court against foreclosure sale in fraud of her rights.* A wife who has a homestead right in property involved in a foreclosure proceeding is entitled to the protection of the court against any sale that will result in a fraud upon her marital rights.

3. SAME—*when a wife does not waive right to complain that property was not sold in separate tracts.* A wife who has a homestead interest in property involved in a foreclosure proceeding does not, by attending the sale and bidding on the property *en masse,* waive her right to complain that it was not sold in separate tracts, as directed by the decree of sale.

4. JUDICIAL SALES—*if possible, only such property will be sold as is necessary to discharge lien.* The statute relating to sales under foreclosure decrees as well as under executions, contemplates that only so much of the property involved shall be sold as is necessary to discharge the lien, where the property is susceptible of division.

5. SAME—*chancellor has discretion in approving master's sale subject to decree.* The chancellor has a broad discretion in the matter of approving a master's sale made subject to the court's approval by the terms of the decree of sale.

APPEAL from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

WILLIAM MUMFORD, and BARRY MUMFORD, for appellant.

W. E. WILLIAMS, and A. CLAY WILLIAMS, for appellee.

288 – 36

Mr. Justice Stone delivered the opinion of the court:

This is an appeal by George E. Goodin, purchaser at a master's sale under a decree of foreclosure, from an order and decree of the circuit court of Pike county vacating and setting aside said sale and ordering a re-sale of the lands described in the mortgage in separate tracts.

On July 20, 1910, Palmedus D. Roberts, his wife, Lucy Roberts, joining him, executed a certain mortgage on the farm on which they then resided, consisting of about one hundred acres, valued at about $7000, to Strauss & Bro. to secure their certain note for the principal sum of $4250, due in three years after date. Lucy Roberts, wife of the mortgagor, died soon thereafter, and in September, 1915, the mortgagor, Palmedus D. Roberts, married the appellee, Elizabeth A. Roberts. Payments on the note were made from time to time. At the time of the decree of foreclosure the accrued interest and principal amounted to $2169.21. The mortgagor at the time of his marriage with appellee was seventy-two years of age and the appellee thirty-eight years of age. This marriage was opposed by the wife of the appellant, only daughter of the mortgagor. The evidence tends to prove that the appellant solicited Strauss & Bro. to file their bill for foreclosure.

The appellee filed her answer to the bill for foreclosure, averring that the property constituted the homestead of her husband, Palmedus D. Roberts, and herself; that she had a right of homestead in said premises and a right to redeem from any sale of the same, and that she had an inchoate right of dower in the land subject to the mortgage, and prayed that her rights in the premises be safeguarded and protected by any decree that might be rendered in said court and that her right of redemption be saved to her from any sale made under order of said court. Her husband made default. The cause was referred to the master in the usual way. The appellee concluded that she was not finan-

cially able to redeem the premises and obtained leave of court to withdraw her answer.

A decree was entered on the master's findings, ordering the sale of so much of said land as was necessary to discharge the debt and costs and which could be sold separately without material injury to the parties interested. On the sale the property was offered for sale *en masse*. The appellee bid the amount of the debt and costs and continued to bid against the appellant until the amount bid more than equaled her ability to pay. The property was not offered in separate tracts, as provided in the decree for sale. On the offer as a whole the appellant was the highest bidder and the property was declared sold to him for $5025. The master thereupon issued his certificate of purchase to the appellant, paid the judgment and costs, including solicitor's fees, and the residue, amounting to $2563.21, to the mortgagor, Palmedus D. Roberts, husband of appellee, over the protest of counsel for appellee, who served notice that objections would be filed on the convening of court the following Monday to the approval of the report of sale and that a motion to vacate the sale would be made. On the convening of court the appellee filed her verified written objections to the sale and to the master's report thereof and petitioned the court to vacate the sale and to order the land re-sold, in which she averred that the land was worth more than it sold for; that her husband was financially able to and could have paid the mortgage debt and prevented a foreclosure; that her husband had children by a former marriage who opposed this second marriage and who had never become reconciled to the marriage; that these children advised and persuaded her husband to default in payment of his interest charges and to bring about a foreclosure of the mortgage, so that appellee would be defrauded, cheated and deprived of her homestead and inchoate right of dower in the premises; that she and her husband reside on the forty acres of the land as a home-

stead; that in furtherance of a common design and plan to defraud appellee with respect to her rights and interest in the premises as the wife of the mortgagor, George Goodin, the son-in-law of the mortgagor, became the purchaser at this sale; that it is the purpose and aim of appellant, with the connivance and consent of her husband, to obtain a deed to the premises at the expiration of the period of redemption; that the appellee attended such sale, ready, willing and able to purchase and intending to bid the amount of the judgment and costs for all the land except the homestead forty, but was prevented from doing so by the master, who offered the land as a whole and not in separate tracts; that the property is capable of division and would have sold in separate tracts for a sufficient sum of money to have complied with the decree for sale without selling her homestead and should have been offered in separate tracts and not as a whole; that her highest bid was $5000; that she was compelled to desist from further bidding because of her limited resources and means; that she has secured a loan on the balance of the land outside of the homestead sufficient to pay the debts and costs; that if the court vacates the sale and orders the property sold in separate tracts and the same is struck off to her, she will join with her husband in a mortgage on part or all of the land to secure the loan; that the excess of the selling price above the debt and costs has been or is about to be turned over to her husband; that if the master's report of sale is approved the appellee will be deprived and defrauded of her inchoate right of dower in the homestead by reason of her inability to redeem; that she made demand of the master to vacate the sale and order a re-sale, at which time the part of the premises not included in the homestead might be offered first, but that this request was ignored.

The purchaser, George E. Goodin, appellant, leave first being granted by the court, entered his appearance as party

defendant and moved the court to strike from the files the objections and exceptions of appellee, which motion was by the court denied. Thereupon appellant filed his written answer, under oath, to the objections, exceptions and petition of appellee, in which he admits the less material averments of the objections; denies the value of the land as fixed by appellee at $125 per acre and avers its true value to be $60 per acre; denies that it was possible for Roberts to avoid the foreclosure, and denies all and each of the other allegations in the petition of appellee.

After the taking of testimony on these issues so made up, the court sustained the objection and petition of appellee, refused to approve the master's report of sale, vacated and set aside the sale and all certificates and documents following and appertaining to the sale, and ordered a re-sale in separate tracts. Appellant excepted to this ruling and order and prayed and perfected an appeal to this court. The mortgagor and mortgagee abide the decree.

It is contended by the appellant that the appellee has no standing in court to make and prosecute the proceedings; that the motion to strike the objections should have been sustained; that appellee has waived her rights and is now estopped to make her objections to the sale.

The circuit court in setting aside the sale found that the property sold is susceptible of division and sale in separate tracts, that the property is of a value largely in excess of the judgment and costs against it, and that there was no necessity for the sale of the whole of the premises to satisfy the mortgage indebtedness. Upon examination of the testimony we are of the opinion that the chancellor was justified in the finding of these facts. The property was sold for more than twice the amount due against it. There also appears to have been no good reason for the master's selling the land *en masse* when the decree provided otherwise. The decree of sale provided that so much of the land should be sold as was necessary to discharge the amount

due against it. This was a clear direction to sell in parcels. The court is warranted in setting aside a sale where property sold *en masse* is susceptible of division and sold in separate tracts, and where the decree provides for the sale of only so much as is necessary, and where the sale of the entire property is not necessary.

The appellee is the wife of Palmedus D. Roberts and lives with him on the northeast quarter of the southwest quarter of the land described in the decree as a homestead. Upon the hearing the chancellor found that the remainder of the property, aside from that upon which the homestead is situated, is of sufficient value to satisfy the lien of the mortgage and should be first offered for sale separately from the homestead tract. We are of the opinion that this finding is also sustained by the evidence.

But it is objected that the appellee is but a volunteer, and that when she withdrew her answer she was no longer a party in interest. We cannot agree with this contention. Under section 3 of the Dower act appellee was entitled to dower out of the land in question as against every person except the mortgagee and those claiming under him. While this right of dower is inchoate and cannot be asserted in the lifetime of the husband, it is, however, such an interest as can be made the basis of a suit to set aside a deed executed in fraud of the marital rights of the wife. (*Higgins* v. *Higgins,* 219 Ill. 146; *Bigoness* v. *Hibbard,* 267 id. 301.) In addition it will be noted that the appellee has a homestead interest in the property subject to the mortgage. It follows that the appellee is not a volunteer in the sense of being one who has no interest in the property in question.

In the case of *Lurton* v. *Rodgers,* 139 Ill. 554, it was held that where property susceptible of division is sold *en masse* for an inadequate price without first offering the same in separate parcels the sale will be set aside within a reasonable time. It is the contemplation of the statute relating to sales under foreclosure decrees as well as under

executions, that only so much of the property affected by the lien shall be sold as is necessary to discharge the lien, where the property is susceptible of division. We are of the opinion that the chancellor was justified, under the facts of this case, in holding that the fifty-six acres not a part of the homestead should have been sold first.

The setting aside of the sale and ordering the property re-sold was a matter which rested largely within the discretion of the chancellor, whose duty it was to see that the lien be enforced with the least damage possible to the property rights of the mortgagor. Counsel cite numerous cases touching their contention that the chancellor erred in setting aside this sale. The cases cited, however, arose after the sale had once been confirmed, and not where, as here, the objection to the confirmation of the sale was filed immediately after the sale and before any confirmation had taken place. The chancellor has a broad discretion in the matter of approving or disapproving a master's sale made subject to the court's approval by the terms of the decree. (*Jennings* v. *Dunphy,* 174 Ill. 86.) Where it appears, as it does here, that the property may be sold in parcels, and where it appears that a portion of the property may be sold for a sufficient amount to cover the judgment and costs against the entire property, thereby leaving a homestead untouched, it is not an abuse of discretion on the part of the chancellor to set aside the sale and to order a re-sale of the property in separate tracts. The chancellor has the power to set the sale aside on his own motion in a case where such sale is made subject to the approval of the court. It is apparent from the evidence that the foreclosure and sale were brought about as a fraud upon the marital rights of the appellee. She has such an interest in the property as entitles her to the protection of the court against any sale which would result in fraud of her marital rights.

It is also contended that by attending the sale and bidding on the property *en masse* appellee waived her right

to complain that it was not sold in separate tracts. We do not think so. The decree of sale directed the master to sell in separate tracts. Appellee cannot, therefore, by bidding at the sale be held to have waived her right to have the master in chancery do that which the decree ordered.

The chancellor did not err in setting aside said sale and ordering a re-sale of the property in separate tracts.

The decree of the circuit court will be affirmed.

*Decree affirmed.*