No. 25,897.

THE CITIZENS STATE BANK OF ELK CITY, *Appellant*, v. T. M. STRAUGHN et al., *Appellees*.

SYLLABUS BY THE COURT.

1. MORTGAGES—*Satisfaction*. The owners of two pieces of real property executed a separate mortgage on each of the pieces of property to secure the payment of a note for $900. A contract was made between the mortgagors and the mortgagee by which the mortgagee agreed to purchase one piece of the property, discharge the note for $900, and pay a prior mortgage thereon. In performing the contract the mortgagee requested and procured a deed from the mortgagors, blank as to grantee. *Held*, the $900 note was discharged by the delivery of the deed and that the mortgage on the other piece of property cannot be foreclosed by the mortgagee against the mortgagors.

2. DEEDS—*Delivery—Evidence*. There was evidence sufficient to show that the deed mentioned in the first paragraph of this syllabus was delivered to the plaintiff.

3. TRIAL—*Examination of Witness by Judge*. Where a trial court questions witnesses for the purpose of eliciting competent evidence and then instructs the jury that the evidence given in response to those questions must be considered the same as if they had been asked by counsel, no error is committed.

4. SAME—*Instructions—Presentation of Claims*. No error was committed in the instructions by the manner in which the court placed before the jury the claims of the defendants.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed May 9, 1925. Affirmed.

*John Bertenshaw*, and *Kirke C. Veeder*, both of Independence, for the appellant.

*Harold Medill*, of Independence, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This action is one on a promissory note for $900 secured by two mortgages on separate pieces of real property. Personal judgment was asked on the note and foreclosure of the mortgages was prayed for. The defense was that the plaintiff had entered into a written contract to purchase, or option to purchase, one of the pieces of mortgaged property for $2,100, $1,200 of which was to be paid to the Davis-Wellcome Mortgage Company, of Topeka, to discharge a first mortgage on that property, and the remaining

$900 of which was to be applied in payment of the note sued on in this action, and that under that contract or option, the defendants executed, at the request of the plaintiff, a deed, blank as to grantee, for the property named in the contract, and delivered the deed to the plaintiff under the contract. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

1. The plaintiff contends that because the deed was blank as to grantee, it did not convey title and for that reason the note sued on was not paid by the delivery of the deed. It should be noted that there was evidence which tended to prove that the plaintiff had agreed to purchase, or had obtained an option to purchase, the real property covered by one of the mortgages and afterward requested and obtained a blank warranty deed for the property. The request for a blank deed completed the contract to purchase the land if the contract had previously been only an option to purchase. The case was tried to a jury which returned a general verdict in favor of the defendants and answered special questions as follows:

"1. Do you find from the evidence that E. E. Lugenbeal held any office with plaintiff during all of the time in question in this suit, and if so, what office did he hold? A. Yes.

"2. Do you find from the evidence that said E. E. Lugenbeal acted for plaintiff in all of his transactions with defendants as disclosed by the evidence? A. Yes.

"3. Do you find from the evidence that defendants executed and delivered to E. E. Lugenbeal said deed to said eighty (80) acre farm as alleged by defendants in their second amended answer? A. Yes.

"4. If you answer the above question in the affirmative, then state whether said deed was accepted by said E. E. Lugenbeal as a duly authorized agent of plaintiff, in full payment of said Nine Hundred ($900) Dollars note sued on in this action. A. Yes."

The plaintiff does not contend that the answers were not supported by evidence. It should be noticed that the defendants are not contesting the validity of the deed; they are insisting that it conveyed the property to the plaintiff. The deed was prepared as the plaintiff desired it, and the defendants executed it in the form in which it had been prepared. The plaintiff should not be permitted to obtain judgment on the note and foreclose on the other piece of property after contracting to accept the conveyance of the land in discharge of the debt and after procuring the execution of the deed in blank. The plaintiff, under the contract, could have compelled the execution of a complete deed, and cannot be allowed to avoid its contract on account of the manner in which the deed was executed.

2. The plaintiff contends that there was no delivery of the deed. There was evidence which tended to show that Mr. Lugenbeal went with the defendants to a notary public and said to him, "I have made a deal with these folks about their land, and I would like to fill out a blank deed"; that Mr. Lugenbeal filled out the deed and had the defendants sign it; that afterward Mr. Lugenbeal picked up the deed, looked it over, folded it, handed it to the notary public, and said, "You keep this for a few days for me until I call for it." That evidence was sufficient to show a delivery of the deed, and the jury under proper instructions found that the deed had been delivered.

3. The plaintiff contends that the court abused its discretion in the examination of witnesses and in suggesting to the attorney for the defendants the manner in which the witnesses should be examined, all to the detriment of the plaintiff. The court questioned some of the witnesses and instructed the attorney for the defendants concerning the manner in which they should be examined. The questions asked by the court were competent and tended to show that the court desired to get the truth from the witnesses who were not being as carefully examined as they might have been. There is nothing to show that the court did anything except to elicit the truth concerning relevant matter. That, the court had the right to do. The court instructed the jury as follows:

"Gentlemen of the Jury, the court in this case has taken the liberty of asking many questions and this is not done for the purpose of impressing upon your mind as to whether you should find for plaintiff or defendant, but only for the purpose of assisting in placing the evidence before you and you will consider the evidence in the same light as if the questions were propounded by the attorneys in the case."

There is no cause for complaint of the questions asked by the court.

4. The following instruction given by the court is complained of:

"Gentlemen of the Jury, the defendants in this action claim that they have paid the note sued on, claiming that upon or about the 7th day of October, 1919, they made, executed and delivered to the plaintiff bank a certain option to purchase their farm, which was mortgaged to secure said note; that E. E. Lugenbeal acting for the bank, on the 7th day of May, 1920, came to their home and said to them that the plaintiff would buy said farm under the option they had made, for the price of $2,100 as agreed upon in the option, and that at that time, on the 7th day of May, 1920, the defendants made, executed and delivered to E. E. Lugenbeal, for the bank, their certain warrantee deed to the eighty acres in question, and that the name of the grantee was not placed there, and that at that time the deed was delivered to the witness, E. E. Lugen-

beal, for the bank, who took the same and delivered it to the notary to hold for him; that the said Lugenbeal, in acting for the bank, said to them at that time that he desired them to renew their notes at the bank for the purpose of keeping the books straight until he could sell the farm."

That instruction should be read in connection with the one which followed it:

"The burden is upon the defendants to prove that this was the agreement between the parties, and if you are satisfied by a preponderance of the evidence that this agreement, as contended for by the defendants, and above stated to you, was entered into between the parties, then your verdict in this case should be for the defendants and against the plaintiff. On the other hand, if you do not so believe and are not so satisfied, then your verdict in this case should be for the plaintiff bank, upon the nine hundred dollar note sued upon, with interest at ten per cent from the 20th day of September, 1919."

It is contended by the plaintiff that the instruction concerning the claims of the defendants summarized their evidence and gave undue prominence to it. That contention cannot be sustained. The issues made by the pleadings were stated briefly in the instructions. The situation on the trial was that, if the defendants did not establish their defense, the plaintiff must prevail. That made the controversy turn on the defense. The instruction complained of placed in detail before the jury that defense and was followed by one stating that the defense must be proved or the plaintiff must prevail. There was nothing in the instruction which was prejudicial to the rights of the plaintiff. On the other hand, the instruction fairly placed before the jury the issues made by the evidence and correctly instructed the jury concerning those issues.

The judgment is affirmed.