HALL *v.* PRYOR.

4-4980

Opinion delivered March 21, 1938.

*W: H. Gregory* and *B. E. Taylor,* for appellant.

*W. F. Norrell,* for appellees.

Mehaffy, J.   On May 2, 1932, the appellees executed and delivered to the Continental Gin Company several notes totaling $9,628.50.   On January 27, 1933, appellees executed and delivered notes to appellant, Mrs. Flora Hall, amounting to $1,500.   They executed mortgages to secure the debt of the Continental Gin Company, and also a second mortgage on the same property to Mrs. Flora Hall, and in addition to the property described in the mortgages, they included one lady's ring with diamond setting as collateral to secure the debt to appellant.

The appellant instituted suit against the appellees in the Drew chancery court and made the Continental Gin Company a party defendant.   The property included in the mortgages, except the ring, was sold under the foreclosure suit, the purchaser paying enough money to pay the debt both of the gin company and appellants, and all interest and costs.

After the sale of the real property and the payment of the money into court, sufficient in amount to satisfy the entire indebtedness, appellees filed a motion in which it was alleged that the ring was given as collateral as additional security to secure the note given to Mrs. Flora Hall, and the ring was delivered to Mrs. Hall; that Mrs. Hall had remained in possession of the ring all the time; that it was held solely and exclusively as additional security for the loan secured by the mortgage.

After the appellant had filed her foreclosure suit, the Continental Gin Company filed an answer and cross-

complaint in which they alleged that the appellees were indebted to it, and it asked for a foreclosure of its mortgage.

On December 9, 1935, the Drew chancery court rendered a final decree giving judgment to the Continental Gin Company against appellees for $10,139.80, and a judgment in favor of appellant against the appellees for $1,929.92. The property sold for $12,218.83, which was sufficient to cover all the indebtedness with interest and costs. The court directed that out of the proceeds the cost be first paid; second, the amount due the Continental Gin Company and Hamilton E. Little, trustee, be paid; third, Mrs. Flora Hall be paid; and fourth, to pay the balance to the appellees, Mrs. R. E. Pryor and L. A. Pryor.

Petitioner also alleged in her motion that the notes due the appellant had been paid in full, and that the ring should be returned to her; that the appellant had failed and refused to deliver the ring or to satisfy the mortgage; that the value of the ring was $1,250.

The appellant filed a demurrer to this motion which was overruled, and on June 14, 1937, the chancery court of Drew county made and entered an order requiring the appellant to deliver said ring to Mrs. R. E. Pryor and L. A. Pryor, or its equivalent in money, which the court fixed at $1,000. To reverse this order and judgment of the court this appeal is prosecuted.

The appellant contends first that the court had no jurisdiction for the reason that the filing of said motion was precluded under the doctrine of *res adjudicata*. In the foreclosure suit, the appellees did not answer. They owed the debt and made no effort to prevent a judgment for the sale of the property to satisfy the debts. The property was sold and enough money received at its sale to pay the entire indebtedness. It is true as a general rule that a valid judgment for the plaintiff is conclusive not only as to defenses which were set up and adjudicated, but also to those which might have been raised, so that the defendant can neither set up such defenses,

nor can such defenses be used by the former defendant as the basis of a subsequent action against the former plaintiff. 34 C. J. 856.

The appellees are not contending in this suit that they are not concluded by the judgment of the chancery court, and not contending that that is not binding on them. Their only contention is that when the appellant has been paid in full she was not entitled to keep the ring which was pledged to her solely to secure the debt. It is not denied that the debt is paid, and it is not denied that the ring was security for the debt only, but appellant says, in effect, that while she has received all that was due her, and has no right to the ring at all, yet she says that she should be permitted to retain it because the court has no jurisdiction to try the case. Not only has the debt been paid, but the decree, from which there was no appeal, directs that after the debt has been paid the surplus must be turned over to the appellees, and it is wholly immaterial whether the surplus was money or property. All that appellant was entitled to was the payment of the debt.

Under our statute, the mortgagee of personal property, or real property for that matter, is the legal owner, subject however to be defeated by the performance of the conditions of the mortgage.

The Supreme Court of Kansas stated: ".The plaintiff should not be permitted to obtain judgment on the note and foreclose on the other piece of property after contracting to accept the conveyance of the land in discharge of the debt after procuring the execution of the deed in blank. The plaintiff, under the contract, could have compelled the execution of a complete deed, and cannot be allowed to avoid its contract on account of the manner in which the deed was executed." *Citizens State Bank of Elk City* v. *Straughn,* 118 Kan. 482, 236 Pac. 119.

If he could not be permitted to resort to other property because he had contracted to accept property in satisfaction of the debt, he, of course, could not resort to foreclosure, sell a portion of the property for the entire debt, and then hold any other property.

"When once it is established that the payor has paid the bonds, there is an end of all the claims by the payee or present holder against the payor's vendees; and it is not material what notice those vendees had of the existence of the bonds, if the bonds are subsequently paid. The payment is for their benefit. In this case, the litigation between Miss Ross and the other parties, Mrs. Murray stands before the others. If her defense, going to the entire merits, as a plea of payment does, is adjudged valid, no judgment can be rendered against those who claim through her." *Fidelity Trust & Safety Vault Company* v. *Carr*, 23 Ky. L. 2409, 67 S. W. 258.

This court, in speaking of mortgagees, said: "They are not entitled to recover any greater damages than they have sustained. They are not the absolute owners of the timber, and were only entitled to the possession of the same after the mortgagor had failed to pay his debt, as security for the satisfaction thereof." *Foreman* v. *Holloway & Son*, 122 Ark. 341, 183 S. W. 763.

In the instant case the appellant does not claim to be the owner of the ring. She was not the absolute owner, but she was only entitled to the possession of the same to secure the satisfaction of her debt. After this debt was satisfied she had no interest in the ring and should have turned it over to the appellees.

"We apprehend that it will not be questioned that, even though a trust deed may contain no provision expressly imposing upon the trustees the duty of obtaining and turning over to the trustor any surplus remaining after payment of the debt to secure which the deed was given, and the costs and expenses of sale have been satisfied, it would nevertheless be their duty to do so. Indeed it cannot be doubted, from the nature of a trust deed given to secure a debt, that the trustees in such a case are as well trustees for the trustor as for the beneficiary of the trust, or, perhaps it would be more accurate to say, the lender of money, since both the latter and the owner of the property affected or covered by a trust deed are equally beneficiaries of the trust to the extent of their respective interests; and, therefore, it must be, in

the very nature of the situation, the duty of the trustees, upon a sale of the trust property to satisfy the indebtedness it was given to secure, to see that they get possession of the excess, if any there be, over and above the sum necessary to satisfy the debt, etc., and to see that to the possession of the trustor such excess be delivered. Suppose it be true that trustees under a deed of trust have paid to the lender of the money more than was his due, even under an honest misapprehension of the amount actually and justly due the lender and secured by the deed; would it be contended that they would not be liable to an action by the trustor to recover the sum paid in excess of what was justly due the lender? Have trustees under such a trust no legal liability thrust upon them but merely to see that the lender of the money is paid his debt? In the sale of the property and the payment of the debt do not the trustees act for the trustor as well as for the lender of the money? And is it not then, their imperative duty to see that any excess of the sum for which the property was sold over and above that necessary to pay the debt, etc., comes into their hands as the trustees for the owner of the property and the same accounted for by them to the owner? No reasonable ground for returning negative answers to these questions can be suggested or conceived. They unquestionably, as above declared, become trustees of the trustor in the strictest sense when there is a surplus in their hands upon the sale after they have satisfied in full the obligation to secure which the trust deed was given." *Atkinson* v. *Foote,* 44 Cal. App. 149, 186 Pac. 831.

The Illinois Supreme Court said: "The decree to sell the mortgaged premises is in the usual form. It does not follow, because the decree authorizes all the mortgaged premises to be sold, that all will be sold. The object in selling the land is to pay the debt. Where, as in this case, there are several tracts of land mortgaged, it will be the duty of the commissioner to offer each tract separately, and whenever the sales amount to sufficient to pay the debt and costs, the object of the decree being accomplished, it will be the duty of the commissioner to

862

desist from any further sale." *Waldo* v. *Williams,* 2 Scam. 470. See, also, Vol. 3, Jones on Mortgages, 917 and 921; *Dozier* v. *Farrior,* 187 Ala. 181, 65 So. 364; *Smith* v. *Woodward,* 122 Va. 365, 94 S. E. 916; *Roberts* v. *Goodin,* 288 Ill. 561, 123 N. E. 559.

The only right that appellant had or claimed to have in the ring, was to hold it as collateral security, and when the debt was paid, it was appellant's duty to return the ring. The commissioner had no right to sell any of the mortgagors' property except sufficient to satisfy the debt.

The foreclosure suit was in the chancery court, and that court appointed the commissioner who made the sale of the property. Any property left after the debt was satisfied belonged to the appellees, and it was the duty of the appellant to turn over such property to the appellees. The chancery court had jurisdiction to order this to be done.

The decree of the chancery court is affirmed.