LEWIS *v.* WEBB.

4-6862                           165 S. W. 2d 892

Opinion delivered November 23, 1942.

*Jo M. Walker,* for appellant.

*Dinning & Dinning,* for appellee.

HUMPHREYS, J.   On April 29, 1941, appellant herein, plaintiff below, brought suit against J. W. Webb, appellee herein, defendant below, in the chancery court of Phillips county, Arkansas, alleging that she was the owner and in possession of: "The 2/3 of the south half of the northwest quarter of section seventeen, in township one south, range two east of the fifth principal meridian, also described as 53 1/3 acres off the west end of the south half of the northwest quarter of section seventeen, township one south, range two east of the fifth principal meridian, Phillips county, Arkansas."

It was alleged in her complaint that on the 7th day of December, 1938, J. W. Webb obtained a deed from Wallace Harper and wife conveying said real estate to him, and that after procuring said deed he, J. W. Webb, attempted by threats of violence to oust her tenant from said premises and has stopped him by such threats from pursuing his farm work.

She further alleged in her complaint that, at the time of the conveyance by Wallace Harper and his wife, the Harpers had no title to or rights in said premises, and that the deed casts a cloud upon her title; and being without remedy at law she prayed that said deed be canceled, set aside and held for naught, and that J. W. Webb be restrained from interfering with her possession of said premises.

On the second day of May, 1941, Hon. E. M. Pipkin, judge of the Phillips circuit court, in the absence of the chancellor and after a hearing before him, issued a temporary restraining order prohibiting J. W. Webb from going upon said property and taking possession thereof.

On May 3, 1941, J. W. Webb filed an answer to the complaint and a motion to dissolve the temporary restraining order. In his answer, he denied that Elvira W. Lewis has any title or interest in said real estate or any right to the possession thereof; that on the contrary his grantor, Wallace Harper, obtained a tax deed to said land from the state of Arkansas on the 14th day of April, 1932, and that his grantor had been and was at the time of the execution of the deed to him in the actual, open, notorious, adverse and exclusive possession of said property for more than eight years; that the said property was forfeited to the Greenbrier Drainage District of Phillips county, Arkansas, for the nonpayment of the assessments due it, and that said property was bought in by said drainage district at a sale for the purpose of foreclosing the lien of the district for the payment of taxes, and that after said district acquired title thereto he entered into a contract with said district for the purchase of said lands for the sum of $300 and paid $100 as part of the purchase price therefor, and that he is now

operating said property under a contract or agreement with said district for the purchase of said land; that thereafter he arranged for the cultivation of said land during the year 1941, but that appellant, through her husband, has interfered with, threatened and tried to intimidate appellee in the operation of said property and the cultivation of said land; that on the second day of May, 1941, the Hon. E. M. Pipkin, judge of the Phillips circuit court, at a hearing before him, issued a temporary restraining order enjoining appellee from going upon said property and taking possession thereof, and that the effect of such a restraining order will be to place appellant in the possession of said land which she does not own and in which she has no interest and will prevent appellee from using or cultivating said land during the year 1941 either in person or by tenant and prayed that said temporary restraining order be dissolved and set aside, and that upon final hearing the complaint of appellant be dismissed for the want of equity.

On May 13, 1941, after a hearing, the chancery court of Phillips county decided that he had jurisdiction of the subject-matter of the alleged cause of action and continued in effect until further order of the court the restraining order theretofore issued by the circuit judge in his absence, but required Elvira W. Lewis to give a bond in the sum of $200 conditioned for the payment of any damages that appellee might sustain on account of the issuance of the restraining order. Pursuant to the order appellant gave the required bond which was approved and filed on May 19, 1941.

In the course of the trial of the cause, a great mass of testimony was introduced including the proceedings in a number of lawsuits between parties in the alleged chain of title of appellant, the muniments of title relied on by appellant and appellee and the testimony of many witnesses relating to the actual possession of the real estate in question covering a long period of time. It could serve no useful purpose to set out all this testimony in this opinion and to do so would extend the opinion to a most unusual length. We do not regard it necessary

to do so to determine the issues involved between appellant and appellee. Suffice it to say that the particular tract of land involved in this suit, consisting of 53 1/3 acres, was owned by Beulah Hill who had inherited it from her mother and a brother. The land is a part of the 160 acres which was formerly owned by Gabe Johnson. Gabe Johnson died in the year 1912 and left four children surviving him, one of whom was the mother of Beulah Hill. Later, one of these children died unmarried and without issue and his interest was inherited by the other three children. There was a partition of the land on or about 1918, which resulted in Beulah Hill acquiring 40 acres by inheritance from her mother and 13 1/3 acres as her share of her uncle's interest, thus giving her 53 1/3 acres, being the west 53 1/3 acres of the south half of the northwest quarter of section 17, township 1 south, range 2 east, in Phillips county, Arkansas. On July 3, 1929, Beulah Hill and her father, Henry Giles, who was living with her on said tract of land, executed to appellant, Elvira W. Lewis, their note for $500 for advances which had been made Beulah Hill and Henry Giles to operate the farm, bearing interest at ten per cent. from date until paid, due and payable January 1, 1931, and executed a mortgage or deed of trust to secure same. The land was described as being situated in Phillips county, state of Arkansas, as follows: "2/3 of south half of the northwest quarter of section 17, township 1, range 2 east, containing 53.33 acres."

This note was never paid. Appellant, through her husband, made the following marginal entry on said mortgage or deed of trust: "Jan. 1st, 36, 50 int. on this mtge. Elvira W. Lewis by J. C. Lewis."

The attestation of this marginal entry on the record by the clerk was not dated. There also appears on the margin of the record of the mortgage the following entry: "$20 paid on within indebtedness the 1st day of Dec., 1937. Elvira W. Lewis by Joe M. Walker, Atty. This April 19, 1940. Attest: Jack McDonald, Clerk by H. H. Trumper."

This note was never paid, but the mortgage was foreclosed at the July term, 1940, of the chancery court of Phillips county, and the sale of the land under the foreclosure proceedings was approved on October 17, 1940. Appellant was the purchaser at the sale and procured a deed from the commissioner, and this was introduced in evidence as one of her muniments of title. The deed she procured from the commissioner contained the same description as the description in her mortgage or deed of trust. Appellant was placed in possession of the land, 53 1/3 acres off the west end of the south half of the northwest quarter of section 17, township 1 south, range 2 east, by the sheriff under a writ of assistance issued in the foreclosure proceedings, which writ of assistance described the land as it had been described in appellant's mortgage and in all of the foreclosure proceedings.

During the course of the trial appellant also introduced in evidence a deed from the commissioners of Greenbrier Drainage District of date June 3, 1941, to her conveying to her 53 1/3 acres off the west end of the south half of the northwest quarter of section 17, township 1 south, range 2 east, Phillips county, Arkansas. After the introduction of this deed by appellant as a muniment of title, appellee filed an amendment to his answer charging that said deed was procured from said drainage district through the misrepresentations and fraud of appellant's husband.

Appellant filed a reply to the answer denying that she had procured the deed from the drainage district through misrepresentations and fraud.

Much testimony was then introduced responsive to the issue joined in the amended answer and reply thereto.

The trial court, after hearing all the testimony introduced upon the issues joined in the original complaint and answer thereto and the testimony introduced upon the issue of fraud joined in the amended answer and reply thereto, found that the decree of foreclosure under which appellant obtained a commissioner's deed was void

on account of defective description of the land involved; that the mortgage debt owed by Beulah Hill and Henry Giles to appellant was barred as to third parties by reason of failure to make marginal indorsements on the record as required by the statute and that the deed of the Greenbrier Drainage District to appellant was procured by her through a misrepresentation of fact.

Based upon these findings the chancellor treated appellee's answer as a cross-complaint and canceled appellant's deed from the commissioners in the foreclosure proceedings and canceled the deed from the Greenbrier Drainage District to appellant and quieted the title to the 53 1/3 acres in appellee, from which findings and decree is this appeal.

Appellee concedes that after his grantor procured a donation tax deed from the state in 1932 the land·in question was forfeited to the Greenbrier Drainage District for unpaid drainage district taxes; that the drainage district foreclosed its lien for the taxes and procured title to said land from which he never redeemed it. He also concedes that appellant obtained a deed from the Greenbrier Drainage District to said land on June 3, 1941, but alleges that she obtained this deed through misrepresentations made by her husband to the drainage district.

As we understand this record neither appellant nor appellee questions the Greenbrier Drainage District's title to said real estate and that being the case said district had a right to sell same to whomsoever it pleased. Appellee claims, however, that at the time appellant procured the deed from the Greenbrier Drainage District he had a contract with said district to buy it himself. When called upon to produce his contract he produced a receipt from the district for $100 for rent on the land for the year 1939. The writing he introduced was not such a contract upon which appellee could maintain suit for specific performance against the district. He did not make said district a party to this suit and seek specific performance of his contract or receipt. Said district is not seeking to cancel its deed to appellant on the ground that she procured the deed from it on misrepresentations

or fraud, so appellee is not in a position to do so for the district, based upon the unenforceable rent contract with the district. The rent contract gave appellee no such interest in the land itself upon which he could base an action to cancel appellant's deed from the district.

The trial court erred in dismissing appellant's complaint against appellee and canceling her deed to said land from the Greenbrier Drainage District, but on the contrary should have dismissed appellee's cross-complaint and canceled his deed to said land from Wallace Harper of date December 17, 1938.

On account of the error indicated the decree is reversed with directions to dismiss appellee's cross-complaint and cancel his deed from Wallace Harper, of date December 17, 1938, and to quiet appellant's title.

The Chief Justice did not participate in the consideration or determination of this case.