Lewis *v.* Webb.

4-7688                                              189 S. W. 2d 376

Opinion delivered June 25, 1945.

*Jo M. Walker,* for appellant.

*Dinning & Dinning,* for appellee.

ROBINS, J.  Appellant sued appellee in the lower court alleging that appellee on, or about, January 1, 1942, took unlawful possession of 53 1/3 acres belonging to appellant and remained in possession thereof for a year. Appellant alleged that the fair rental value of said premises for that period was $300, for which sum appellant asked for judgment against appellee.  Appellee denied the allegations of the complaint and alleged by way of set-off and counterclaim that he had paid the Greenbrier Drainage District $100, which had reduced the lien of the district's assessment against the land, and for which he prayed judgment.

There was a trial to a jury and a verdict for appellee.  To reverse the judgment entered on this verdict appellant prosecutes this appeal.

The record shows that on April 29, 1941, appellant instituted a suit in the chancery court of Phillips county against appellee asking that appellee be restrained from interfering with appellant's possession of the land involved in the case at bar, and praying for cancellation of a certain deed to said land by which appellee was claiming title.  From an adverse decree of the chancery court appellant prayed an appeal to this court where the decree of the lower court was, on November 23, 1942, reversed. *Lewis* v. *Webb,* 204 Ark. 950, 165 S. W. 2d 892. The order of this court was that the deed relied on by appellee be canceled and that appellant's title be quieted. On remand of the case the chancery court entered a decree in accordance with the mandate of this court.

It was not disputed that, after the chancery court had rendered decree in his favor, appellee took possession of the land in January, 1942, and put thereon his sharecropper, who farmed the land during that year, producing seven bales of cotton.  It appeared that the land had been permitted to grow up in "sprouts" and only about eight acres were actually cultivated by appellee's sharecropper.

J. B. Lambert, receiver of the Greenbrier Drainage District, testified that, the land being delinquent, he notified "the negro" (referring, presumably, to appellee's tenant) that he would have to give a "rental note" for the taxes for that year, and that thereafter appellee turned over to him a note for $100 signed by the negro, which note was paid by appellee at the end of the year. The entire 80-acre tract, of which the 53 1/3 acres here involved was a part, was delinquent, and Lambert stated that he did not know what application of the $100 was made by the district. Appellee testified as to this transaction: "Q. Tell the jury whether that one hundred dollars was a payment on the land or whether it was for rent for that year? A. Lambert took it for rent and when we finished paying it, it was to go on the land." Appellee identified the following as the receipt which was given to him by Lambert for this $100: "Helena, Ark., May 2, 1941. This is to certify that an amount of $100 was paid to me as receiver of the Greenbrier Drainage District by Wallace Harper as rent on the land for the year 1939. This amount has been turned over to the commissioners of the district as a credit on taxes due on this land. The land is described as S½ NW¼, section 17, Twp. 1 south, range 2 east, Phillips county, Arkansas. J. B. Lambert, Receiver."

No official of the drainage district, other than the receiver, testified, and no record reflecting the situation as to payments on assessments for the district against the land involved herein was introduced.

It appears from the opinion in the former litigation between these parties that in that suit the above receipt was used by appellee as the basis of the contention made by him therein that he had bought the land from the drainage district, his further contention being that appellant had, after appellee had contracted to buy the land from the district, fraudulently obtained a deed from the district.

The lower court correctly instructed the jury that if appellee, after the entry of the first decree, took possession of the land, without any agreement with appellant

as to the payment of rent, appellant would be entitled to recover from appellee such sum as the jury might determine to be reasonable compensation for the use of the land. But, over the objection of appellant, the court instructed the jury, in regard to the payment of the $100 to the drainage district by appellee, that if they found that "that sum inured to the credit and benefit of the plaintiff in this case," they should "take that amount into consideration, as an offset to the amount you should find if you do find for the plaintiff for the amount of rents on the place for 1942." This last instruction was erroneous.

In the first place, it was not established by the testimony that the payment of $100 made by appellee, as rent for 1939, to the drainage district was used by the district in the reduction of the taxes on the land in controversy.

In the second place, the transaction in which the $100 was paid to the drainage district occurred prior to the filing of answer by appellee in the first suit between these parties, and, if appellee was entitled to reimbursement from appellant for this amount, he should have asserted his claim in that litigation, and, not having done so, he was barred by the former decree and could not make it the basis of a set-off in the instant suit. "In addition to the general denial above provided for, the defendant must set out in his answer as many grounds of defense, counterclaim or set-off, whether legal or equitable, as he shall have." Section 1416, Pope's Digest. "The counterclaim mentioned in this chapter may be any cause of action in favor of the defendants, or some of them against the plaintiffs or some of them." Section 1417, Pope's Digest.

In the case of *Hall* v. *Pryor,* 195 Ark. 856, 114 S. W. 2d 847, this court said: "It is true as a general rule that a valid judgment for the plaintiff is conclusive not only as to defenses which were set up and adjudicated, but also to those which might have been raised, so that the defendant can neither set up such defenses, nor can such defenses be used by the former defendant as the

basis of a subsequent action against the former plaintiff. 34 C. J. 856.

We said in the case of *Ogden* v. *Pulaski County,* 189 Ark. 341, 71 S. W. 2d 1052: "It is the general rule, which has been frequently announced by this court, that the parties to an action are bound to make the most of their case or defense and that a judgment of a court of competent jurisdiction operates as a bar to all questions in support of the cause or the defense, either legal or equitable, which were, or could have been, interposed in the case. This rule was reaffirmed in the recent case of *West Twelfth Street Road Imp. Dist. No. 30* v. *Kinstley,* 189 Ark. 126, 70 S. W. 2d 555, in which a number of cases supporting the rule were cited." This rule has been announced by this court in many other cases, and, under it, since appellee did not ask for reimbursement for the $100 payment in the previous suit ,which proceeded to a final judgment, he could not properly assert this payment as a set-off in this case.

The instruction given by the court which authorized the jury to allow this offset was necessarily prejudicial because, under the undisputed evidence in this case, appellant was entitled to recover something from appellee as the reasonable rental value of her property for the year 1942, and doubtless would have done so if the jury had not been permitted by the court to allow appellee the set-off claimed by him.

Appellant also complains that the lower court erred in not permitting her to show the value of the crops raised by appellee on the land involved during the year 1942, and further asserts that, since appellee was a trespasser, she should have been permitted to recover from appellee the value of all crops raised by him. Appellee was not a trespasser, when he took possession under the decree in his favor, and therefore appellant would be entitled to recover not the value of the crops raised, but only the reasonable rental value of the land for the time appellee held it. But the testimony as to the amount and value of the crops raised during 1942 on the land was competent and should have been admitted (along with any testimony

offered as to kind of season, character of cultivation and amount of fertilizer used during that year), not as conclusive proof of the rental value of the land, but as a factor the jury might consider in determining such rental value.

The judgment of the lower court is accordingly reversed, and this cause is remanded with directions to the lower court to grant appellant a new trial.