747 P.2d 590

**Lillian CURTIS, formerly Lillian Curtis McCloskey, Plaintiff/Appellant,**

v.

**Laverne TROMBLE and U.S. Life Title Company, Defendants/Appellees.**

**No. 2 CA–CIV 5742.**

Court of Appeals of Arizona, Division 2, Department A.

June 30, 1987.

Review Denied Jan. 19, 1988.

**430**

Glicksman & Awerkamp, P.C. by Elliot Glicksman, Tucson, for plaintiff/appellant.

Eric Cahan, Tucson, for defendant/appellee Tromble.

Laney & Jaszewski by Jerry L. Laney, Tucson, for defendant/appellee U.S. Life Title Co.

## OPINION

HOWARD, Presiding Judge.

This case involves a claim for damages by a vendee against the vendor who took possession of the premises by virtue of a judgment which was subsequently reversed.

The litigation concerns five rental units in Tucson. Tromble sold the property to Curtis subject to a previous mortgage. In 1978 Tromble, contending Curtis had defaulted on the contract of sale, forfeited Curtis' interest in the property through U.S. Life Title Company. Curtis then filed a quiet title action against Tromble and U.S. Life Title Company which resulted in the trial court awarding judgment in favor of the defendants. Curtis filed an appeal but did not post the supersedeas bond. During the time the case was on appeal Tromble was in possession of the premises. In a memorandum decision dated May 9, 1985, we reversed the trial court, holding that the forfeiture was improper and remanded for further proceedings. Based on our decision, Tromble executed a quit claim deed in favor of Curtis. Curtis claimed waste against Tromble while she was in possession of the property during the years 1978 to 1985 and sought to recover the fair rental value during that period. Tromble counterclaimed against Curtis for waste. Subsequently, the matter was tried to the court sitting without a jury. The trial court found in favor of Tromble on Curtis' claims, and in favor of Curtis on Tromble's claim. It further found in favor of U.S. Life Title on all claims, including the quiet title action.

Curtis contends the trial court erred in failing to award her damages and in finding in favor of U.S. Life Title in the quiet title action. We do not agree and affirm.

■ In the trial court both parties introduced evidence showing that the property had been damaged by vandals. On her claim for waste, Curtis contends that our reversal of the trial court made Tromble a trespasser and, as such, Tromble was strictly liable for any damage to the property under Restatement (Second) of Torts, § 162 (1965).[1] We disagree. One who enters land under a court decree in his favor is not a "trespasser" even though the decree is subsequently reversed. *Lewis v. Webb*, 208 Ark. 1084, 189 S.W.2d 376 (1945). Neglect by one lawfully in possession of the property to the prejudice of the estate or interest of another can, however, be the basis for an action for permissive waste. *Jowdy v. Guerin*, 10 Ariz.App. 205, 457 P.2d 745 (1969). Failure of such person to exercise the ordinary care of a prudent person for the preservation and protection of the estate is permissive waste. Id. At the very least, there was conflicting evidence on the issue of Tromble's negligence. We will not disturb the judgment of the trial court based upon conflicting

---

1. The Restatement provides:
   "A trespass on land subjects the trespasser to liability for physical harm ... to the land ... caused by any act done, activity carried on, or condition created by the trespasser, irrespective of whether his conduct is such as would subject him to liability were he not a trespasser."

evidence. *Anglin v. Nichols,* 80 Ariz. 346, 297 P.2d 932 (1956).

As far as the damages for loss of use of the property, Curtis should be restored to the financial position she would have enjoyed had Tromble not taken possession of the premises. The evidence of fair rental value was conflicting. It is also noteworthy that the figures presented by Curtis assumed the continuous rental of all five units, an assumption not proven by the evidence. In any event, the trial court found:

> "Plaintiff also makes claim for money damages for the fair rental value of the subject property while she was out of possession for nearly 7 years, and she asks the Court to award her the amount of *gross* rental income she would have received. The pro forma rents reflected on the November 21, 1977 listing agreement (Exhibit 6) after the then-existing debt service projected a return of approximately $3,100.00 per year without any allowance for repairs and maintenance which, according to the records of defendant Tromble, averaged approximately $6,300.00 per year not including management fees, legal fees, travel expenses or time loss from work. Further, plaintiff evidently claims defendant Tromble didn't spend enough to properly maintain the property. The actual rental income, per the records of defendant Tromble, averaged approximately $6,500.00 per year, not the nearly $11,-000.00 projected in the said listing agreement. Defendant Tromble is entitled to an offset for her expenditures for taxes, insurance, repairs, maintenance and the like while she was in possession and which presumably the plaintiff would have had to pay had she been in possession.
>
> \*   \*   \*   \*   \*   \*
>
> The Court concludes therefore that plaintiff is not entitled to recover for fair rental value, as she has failed to prove her damages, and the probability is that she would have incurred a substantial

net operating loss had she been in possession and made the expenditures incurred by defendant Tromble as well as those plaintiff contended should have been made by defendant Tromble." (Emphasis added.)

Curtis contends that the offset allowed Tromble against the fair rental value may include only funds expended for permanent improvements and not any other sums expended to generate rental income. We do not agree.

■ The Restatement of Restitution, § 158 (1937) is applicable here. It states: "Compensation to Transferee for Expenses as to Subject Matter.

A person is entitled to specific restitution of property from another or to the product of such property only on condition that he compensate the other for expenditures with reference to the subject matter which have inured to his benefit, to the extent that justice between the parties requires."

Tromble's repossession of the premises was not tortious. Thus, the trial court did not err in concluding that justice required Curtis to compensate Tromble for her expenditures.[2]

■ In the earlier appeal of this case, U.S. Life Title argued inter alia that its favorable trial court ruling should have been upheld. The same argument was made on its motion for reconsideration. The motion for reconsideration was rejected and the case was reversed. According to the doctrine of the "law of the case" the decision of an appellate court on a legal issue is the law of the case on that issue throughout all subsequent proceedings in both the trial and appellate courts. *Ziegler v. Superior Court In And For The County of Pima,* 134 Ariz. 390, 656 P.2d 1251 (App.1982). Curtis claims that under the "law of the case" doctrine the trial court erred in granting judgment in favor of U.S. Life Title in the quiet title action. We do not agree. The general rule that the mandate must be followed has exceptions. In

---

**2.** In *Edwards v. Hauff,* 140 Ariz. 373, 682 P.2d 1 (App.1984), we held that § 158 did not apply to

a conscious wrongdoer whose expenditures did not increase the value of the property.

Arizona, application of the general principle is conditioned upon the proviso that the facts and issues in the proceedings after remand be substantially the same as those on which the first decision rested. *Jordan v. Jordan*, 132 Ariz. 38, 643 P.2d 1008 (1982). The issue in the previous opinion was whether the forfeiture was proper and not whether U.S. Life Title had any interest in the realty. The doctrine of "law of the case" was not applicable and the trial court did not err in granting judgment to U.S. Life Title.

U.S. Life Title has requested and will be awarded its reasonable attorney's fees on appeal upon compliance with Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.